IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-11297
Summary Calendar
_____


KEITH ANDRE WILSON,

                                        Plaintiff-Appellant,

versus

RICHARD DILL; GENNIFER FRISH,
also known as, Gennifer Frisk,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:97-CV-281
--------------------
June 14, 2000

Before JOLLY, JONES and BENAVIDES, Circuit Judges

PER CURIAM:[*]

Keith Wilson (Texas prisoner #755744) appeals the district court's dismissal of his civil rights action brought under 42 U.S.C. § 1983. In connection with his appeal, Wilson has filed a motion to amend his original complaint and a motion for a jury trial. Wilson's motions are DENIED.

The district court dismissed Wilson's claims as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). On appeal, Wilson does not brief all of the claims that he raised below. Accordingly, we

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

address only the claims briefed by Wilson as he has abandoned the rest. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

Wilson first contends that he was denied indigent writing supplies while in solitary confinement in retaliation for a prison grievance he had filed. Although Wilson submitted written documentation indicating that he was denied indigent writing supplies, that evidence does not indicate that he was denied supplies in retaliation for the filing of a prison grievance. Rather, it indicates that he was denied writing supplies because he was **not**, in fact, indigent at the time and was not on commissary restriction. Accordingly, his retaliation claim lacks both legal and factual support. See Jones v. Greninger, 188 F.3d 322, 324-25 (5th Cir. 1999).

Wilson next contends that his due-process rights were violated because he was placed in institutional lockdown without being charged with a violation of a disciplinary rule and without a hearing. He maintains that his placement in institutional lockdown was the result of retaliation and racial discrimination. Wilson, however, acknowledged in the district court that he was a medium-custody inmate at the time and that all medium-custody inmates were placed in the lockdown. Accordingly, he has not shown that his placement in institutional lockdown was the result of a retaliatory or discriminatory motive. See Jones, 188 F.3d at 324-25; Woods v. Edwards, 51 F.3d 577, 580 (5th Cir. 1995). Moreover, as the district court concluded, Wilson has not shown that his due-process rights were violated because his placement

in institutional lockdown, without more, did not implicate a constitutionally cognizable liberty interest. See Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995).

Wilson also argues that the defendants failed to return a prison grievance pertaining to his placement in institutional lockdown. He maintains that the defendants acted in retaliation for his initial filing of the grievance and effectively obstructed his First Amendment right to seek redress through the prison grievance system. Wilson, however, fails to identify any particular defendant responsible for the unreturned grievance. See Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action"). His allegations fail to state a valid retaliation claim because they are wholly conclusional and indicate nothing more than a personal belief that he was the victim of retaliation. See Jones, 188 F.3d at 324-25.

Finally, Wilson maintains for the first time on appeal that the defendants retaliated against him by interfering with the routing of a letter he mailed to the Federal Bureau of Investigation and by placing counterfeit United States Postal Service notations on the letter. Wilson, however, did not present the instant allegation as a federal claim in the district court. Accordingly, he cannot raise it for the first time on appeal. See Kerr v. Lyford, 171 F.3d 330, 338-39 (5th Cir. 1999).

The district court did not abuse its discretion in dismissing Wilson's complaint as frivolous. See Siglar v.

Hightower, 112 F.3d 191, 193 (5th Cir. 1997). Wilson's appeal is likewise frivolous and is therefore DISMISSED. See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983); 5th Cir. R. 42.2. The dismissal of Wilson's complaint as frivolous and the dismissal of this appeal as frivolous each count as a strike for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996). We caution Wilson that once he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

MOTIONS DENIED; APPEAL DISMISSED; § 1915(g) WARNING ISSUED.