IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40689
Conference Calendar

_____

ANDREW BRADY FISHER,

Plaintiff-Appellant,

versus

THOMAS BUTLER, Classification Officer;
CHARLES FRIZZELL, Chief Classification Officer;
RICHARD D. TAYLOR, Texas Department of Criminal Justice, Inmate;
CHARLES WILLIAMSON, Warden,

Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:01-CV-37
---------------------
December 11, 2001

Before HIGGINBOTHAM, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Andrew Brady Fisher, Texas inmate # 654553, proceeding pro se and in forma pauperis, appeals the dismissal as frivolous of his 42 U.S.C. § 1983 complaint against fellow prisoner Richard D. Taylor and prison officials Thomas Butler, Charles Frizzell, and Charles Williamson. His claims stem from his assignment to the same cell as Taylor, which culminated in an attack by his cellmate in which Fisher suffered a head injury. Fisher claims that the defendant prison officials failed to protect him against

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Taylor, who is alleged to have psychological problems and to have assaulted numerous other inmates, facts alleged to have been known by the prison officials. He claims that Frizzell's failure to properly supervise Butler resulted in his continued assignment to Taylor's cell.

Prison officials have a duty under the Eighth Amendment to protect inmates from violence at the hands of other prisoners. Farmer v. Brennan, 511 U.S. 825, 833 (1994). To establish a failure-to-protect claim, an inmate must show that he was "incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to his need for protection." Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995). There are two requirements for a constitutional violation to occur. Woods v. Edwards, 51 F.3d 577, 581 (5th Cir. 1995). First, the condition "must be so serious as to deprive prisoners of the minimal civilized measure of life's necessities, as when it denies the prisoner some basic human need." Id. (internal punctuation and citation omitted). Second, the prison official must have been "deliberately indifferent to inmate health or safety." Id. (internal punctuation and citation omitted). A prison official acts with deliberate indifference if he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

Fisher's allegations, which are accepted as true, do not provide an arguable basis for his failure-to-protect claim. Fisher, who related in his brief to this court that he stands six feet, four inches tall and weighs 330 pounds, stated in his objections to the magistrate judge's report that "[t]he [prison official] Defendants assumed because of Plaintiff's size that he wasn't in danger of being assaulted by [Taylor]." This allegation is simply incompatible with a finding that the defendant prison officials were deliberately indifferent toward the risk faced by Fisher. Moreover, Fisher's remaining allegations fail to provide an arguable basis for the claim that the officials were aware that he was under a substantial risk of harm prior to the incident. The district court did not abuse its discretion in dismissing the failure-to-protect claim as frivolous.

Nor did the district court err in dismissing Fisher's retaliation claim as frivolous. A prisoner asserting a retaliation claim must establish (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation. McDonald v. Stewart, 132 F.3d 225, 231 (5th Cir. 1998). Fisher does not allege that he filed grievances or made complaints to prison officials prior to his assignment as Taylor's cellmate, and thus he fails to furnish an arguable basis for causation. Further, inasmuch as the defendant prison officials foresaw no risk, Fisher's allegations supply no

arguable basis for a finding that the officials intended to retaliate against him.

Fisher has not briefed any argument challenging the dismissal of his claim against his fellow inmate Taylor, and the issue is therefore waived.  See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

The district court's judgment is in all respects AFFIRMED. The district court's dismissal of Fisher's action as frivolous counts as a "strike" for purposes of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996). Fisher is warned that if he accumulates three "strikes" pursuant to 28 U.S.C. § 1915(g), he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

AFFIRMED; STRIKE WARNING ISSUED.