United States Court of Appeals,

Fifth Circuit.

No. 94-30433

Summary Calendar.

Claude E. WOODS, Plaintiff-Appellant,

v.

Edwin W. EDWARDS, et al., Defendants-Appellees.

Claude E. WOODS, Plaintiff-Appellant,

v.

Andrew J. DUNN, Corrections Major and Chairman of Lockdown Review Board, et al., Defendants-Appellees.

May 10, 1995.

Appeal from the United States District Court for the Middle District of Louisiana.

Before WISDOM, KING and GARWOOD, Circuit Judges.

PER CURIAM:

Claude Woods, incarcerated in the Louisiana State Penitentiary at Angola, brought this § 1983 action alleging that his current status at the prison in "extended lockdown",[1] a form of disciplinary isolation, was motivated by racial animus or was in

[1]The Disciplinary Rules and Procedures for Adult Inmates defines extended lockdown as:

> An indeterminate period of lockdown characterized by routine 90 day classification reviews to determine eligibility/suitability for release from this status. This type of segregation is used primarily after a Disciplinary Hearing for an inmate found guilty of violating one or more serious rules, or of being dangerous to himself or others, or of being a serious escape risk, or of posing a clear threat to the security of the facility.

1

retaliation for his resorting to the courts for relief. Further, Woods contended that his continued confinement was wrongful, that some conditions of his confinement were unconstitutional, and that his due process rights were violated. The district court concluded that the plaintiff's claims lacked sufficient evidentiary support and granted the defendants' motion for summary judgment. Because we agree with the conclusions of the district court, we AFFIRM.

I

On July 23, 1991, Woods was placed in "extended lockdown" after a prison disciplinary board concluded that he had written threatening letters to individuals outside the prison and forged the name of another prisoner as the author. According to prison guidelines, the plaintiff's status is reviewed every 90 days and, until now, the board has decided to leave Woods in extended lockdown citing the serious nature of his offenses.

Woods filed this § 1983 action alleging that the prison now refuses to release him from extended lockdown because of his race or, alternatively, in retaliation for his prosecution of this case and several grievances he pursued through internal prison procedures. The plaintiff also alleges that his continued confinement is wrongful, that he has been subjected to unconstitutional conditions during his time in extended lockdown, and that his due process rights[2] have been violated.

---

[2]The plaintiff argues that his due process rights were violated in two ways. First, he alleges that the disciplinary board is biased against him. Second, he contends that the prison has violated the consent decree rendered in *Ralph v. Dees,* CA-71-94 (M.D.La.1975).

Both the plaintiff and the defendants made motions for summary judgment. The magistrate recommended that the defendants' motion be granted and, after dismissing the plaintiff's objections to the magistrate's report, the district court accepted this recommendation. In his report, the magistrate concluded that there is no evidence that the prison authorities' on-going decision to keep the plaintiff in extended lockdown is motivated by the plaintiff's race or is in retaliation for his resorting to relief in the courts and to availing himself of the prison's grievance procedures. Also, the magistrate held that a remedial order is not a basis for § 1983 liability. Further, the magistrate found that the plaintiff's due process rights have not been violated by either his continued confinement or by the action of a biased disciplinary board. Finally, the magistrate dismissed four defendants[3] because the plaintiff had alleged no act by them that was causally connected to any alleged violation of his constitutional rights. The plaintiff contends on appeal that these decisions were erroneous and argues that the judgment in favor of the defendants should be reversed. This Court granted the plaintiff's motion to proceed *in forma pauperis* on appeal.

II

A. Equal protection

---

[3]The four defendants include Edwin Edwards, the governor of Louisiana, and Tillery, Vannoy, and Butler, three officials of the Louisiana Corrections Department. None of these officials had any direct contact with Woods or his case. Rather, Woods alleged that they were responsible for the acts of their subordinates.

3

The plaintiff alleges that prison officials have maintained his status in extended lockdown while releasing similarly situated white prisoners in violation of his equal protection rights.[4]  To prove a cause of action under § 1983, the plaintiff must demonstrate that prison officials acted with a discriminatory purpose.[5]  "Discriminatory purpose in an equal protection context implies that the decisionmaker selected a particular course of action at least in part because of, and not simply in spite of, the adverse impact it would have on an identifiable group".[6]

The defendants, in moving for summary judgment, presented summaries of Wood's review hearings which indicate that his status in extended lockdown has been maintained because of the seriousness of his actions in writing threatening letters and forging the name of another prisoner.  The plaintiff has alleged no specific act of discrimination nor has he offered proof of discriminatory intent on the part of prison officials.  Rather, the plaintiff rests his claim on only his personal belief that discrimination played a part in his continued residency in extended lockdown.

We review the district court's grant of summary judgment

---

[4]As the district court noted, the plaintiff does not identify his own race, which is presumably black, nor does he point to any specific incident where a white prisoner was treated more favorably.

[5]*Firefighters Local Union No. 1784 v. Stotts,* 467 U.S. 561, 583 n. 16, 104 S.Ct. 2576, 2590 n. 16, 81 L.Ed.2d 483 (1984); *National Association of Government Employees v. City Public Service Board of San Antonio, Texas, et al.,* 40 F.3d 698, 715 (5th Cir.1994);  *United States v. Galloway,* 951 F.2d 64, 65 (5th Cir.1992).

[6]*Galloway,* 951 F.2d at 65.

under the same standard applied by the district court and in the light most favorable to the non-moving party. If the party moving for summary judgment has shown that no genuine issue of material fact remains and that he is entitled to judgment as a matter of law, "the non-movant must go beyond the pleadings and designate the specific facts showing that there is a genuine issue for trial".[7] Woods has failed to respond to the defendant's evidence and indicate a material issue that is unresolved. And, as concluded by the district court, Woods has failed to present evidence of discriminatory intent on the part of prison officials. The district court, therefore, did not err when it granted the defendants' motion for summary judgment.

B. Retaliation for accessing the courts

Woods also alleges that his status in extended lockdown has been maintained in retaliation for pressing this case and for pursuing grievances within the prison. It is settled that prison officials cannot act against a prisoner for availing himself of the courts and attempting to defend his constitutional rights.[8] As with his equal protection claim, however, Woods has offered no evidence, other than a personal belief that he is the victim of retaliation. The defendants, in response, have presented summaries of the review board's conclusions. Their stated reason for maintaining the defendant's status in extended lockdown is the

---

[7]*Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994) (en banc).

[8]*Hale v. Towney,* 19 F.3d 1068, 1072-73 (5th Cir.1994).

5

seriousness of his original violation of the rules.  The defendant has offered no evidence to oppose the prison's characterization of his treatment as fair and according to the guidelines of the prison.  Woods has failed to respond to the defendant's evidence and indicate a material issue that is unresolved.  In the light of the record, the district court did not err when it granted the summary judgment motion of the defendants.

C. Unconstitutional conditions of confinement

"The Constitution "does not mandate comfortable prisons' ... but neither does it permit inhumane ones, and it is now settled that "the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment' ".[9]  The Eighth Amendment's prohibition against cruel and unusual punishment imposes minimum requirements on prison officials in the treatment received by and facilities available to prisoners.[10]

A constitutional violation, however, occurs only when two

_____

[9]*Farmer v. Brennan,* --- U.S. ----, ----, 114 S.Ct. 1970, 1976, 128 L.Ed.2d 811 (1994).

[10]*Id.*  The Supreme Court noted that:

> In its prohibition of "cruel and unusual punishments," the Eighth Amendment places restraints on prison officials, who may not, for example, use excessive physical force against prisoners.  The Amendment also imposes duties on these officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must "take reasonable measures to guarantee the safety of the inmates."

> *Id.* (citations omitted).

requirements are met. First, there is an objective requirement that the condition "must be so serious as to "deprive prisoners of the minimal civilized measure of life's necessities,' as when it denies the prisoner some basic human need".[11] Second, under a subjective standard, we must determine whether the prison official responsible was " "deliberately indifferent' to inmate health or safety".[12] The deliberate indifference standard can be appropriately applied to the plaintiff's allegations regarding the conditions of confinement as well as to his allegations regarding the failure of the prison to provide him adequate medical care.[13]

In this case, the plaintiff contends that the conditions of his confinement in extended lockdown at Angola violate the Eighth Amendment. Wood alleges that his cell was inadequately cooled and that the high temperature, while uncomfortable in itself, also contributed to the plaintiff's health problems. Specifically, the plaintiff contends that his sinus condition was aggravated by the cell's high temperature. The defendants, in response, presented evidence that the portion of the jail housing prisoners in extended lockdown is equipped with fans used to circulate the air.

The plaintiff argues that the district court erroneously granted the defendants' motion for summary judgment on this claim.

---

[11]*Harris v. Angelina County, Texas,* 31 F.3d 331, 334 (5th Cir.1994) (citing *Wilson v. Seiter,* 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991)).

[12]*Farmer,* --- U.S. at ----, 114 S.Ct. at 1977; *see e.g., Harris,* 31 F.3d at 334-36.

[13]*Wilson,* 501 U.S. at 303-05, 111 S.Ct. at 2327.

7

Woods, however, has failed to present medical evidence of any significance nor has he identified a basic human need that the prison has failed to meet.  While the temperature in extended lockdown may be uncomfortable, that alone cannot support a finding that the plaintiff was subjected to cruel and unusual punishment in violation of the Eighth Amendment.  Therefore, we affirm the district court's grant of the defendants' motion for summary judgment.

D. Wrongful confinement

The plaintiff argues that his continued residency in extended lockdown is wrongful and that the prison has no valid reason for maintaining his current status.  "Classification of inmates in Louisiana is a duty of the Louisiana Department of Corrections and an inmate has no right to a particular classification under state law".[14]  Generally, prison officials are given broad discretion in administering prisons and prisoners are seen to "retain only a narrow range of protected liberty interests".[15]

In *Hewitt v. Helms,* the Supreme Court held that the Due Process Clause alone does not grant inmates a protectable interest in being in the general population of the prison.[16]  The Supreme Court, however, further held that a liberty interest may be created by state law which places mandatory limitations on prison officials

---

[14]*Wilkerson v. Maggio,* 703 F.2d 909, 911 (5th Cir.1983).

[15]*Hewitt v. Helms,* 459 U.S. 460, 467, 103 S.Ct. 864, 869, 74 L.Ed.2d 675 (1983).

[16]*Id.* at 467-70, 103 S.Ct. at 869-71.

in determining a prisoner's status.[17] In Louisiana, a manual, "The Disciplinary Rules and Procedures for Adult Inmates" governs the administration of prisons. This manual does place limits on when a prisoner may be placed in extended lockdown.[18] The protectable interest based on these rules, however, requires only that a prisoner be afforded appropriate process before being placed in extended lockdown.[19]

In this case, the plaintiff was afforded the full process required by the Disciplinary Rules, including notice, a hearing,

---

[17]*Id.* at 469-70, 103 S.Ct. at 870-71; *see e.g., McCrae v. Hankins,* 720 F.2d 863, 866-68 (5th Cir.1983) (holding that the Disciplinary Rules and Procedures for Adult Inmates places procedural limitations on a Louisiana prison's ability to place a prisoner in extended lockdown); *Green v. Ferrell,* 801 F.2d 765 (5th Cir.1986) (examining limitations created by Mississippi law); *Jackson v. Cain,* 864 F.2d 1235 (5th Cir.1989) (examining limitations created by Texas law).

[18]The Disciplinary Rules provide:

> No prisoner can be placed in extended lockdown for any reason unless he has been afforded a full hearing before the Disciplinary Board and was found guilty of violating one or more serious rules, or being dangerous to himself or others, or of being a serious escape risk, or of being in need of protection, or of posing a clear threat to the security of the facility, or of being the subject of an investigation conducted by non-institutional authorities into a serious felony. No Disciplinary Board hearing is necessary when a prisoner has signed a written request for protection and is transferred there by the Disciplinary Officer or a prisoner is initially classified as maximum security. Prisoners in extended lockdown will be reviewed by an appropriate review board for possible release to a lesser custody status at least every ninety (90) days.

[19]*Hewitt,* 459 U.S. at 471-73, 103 S.Ct. at 871-72 (holding that the prison was "obligated to engage only in an informal, nonadversary review of the information supporting ... [the prisoners] administrative confinement ...").

and regular review of his status. This process represents more than the Due Process clause, in conjunction with Louisiana state law, requires of prison officials.[20] Accordingly, the plaintiff has no basis upon which to argue that his confinement was or is wrongful. The district court did not err when it granted the defendants' summary judgment motion.

E. Due process

The plaintiff attempts to rely on the consent decree issued in *Ralph v. Dees* to argue that his due process rights have been violated.[21] As noted by the district court, however, a remedial court order, standing alone, does not serve as a basis for section 1983 liability.[22] Thus, the district court was not in error when it dismissed this portion of the plaintiff's complaint.

Woods also argues that his due process rights were violated when the prison allowed the formation of an allegedly biased review board. It is true that the plaintiff is entitled to have his review hearings "conducted before a tribunal having at least "an apparent impartiality towards the charges' ".[23] Woods, however, has offered no evidence of any bias. The defendants Dunn and Meredith are the board members who are the focus of Wood's allegations

---

[20]*Id.* (holding that the prison was "obligated to engage only in an informal, nonadversary review of the information supporting ... [the prisoners] administrative confinement ...").

[21]CA-71-94 (M.D.La.1975).

[22]*Green v. McKaskle,* 788 F.2d 1116, 1124 (5th Cir.1986).

[23]*Collins v. King,* 743 F.2d 248, 253 (5th Cir.1984) (quoting *Ferguson v. Thomas,* 430 F.2d 852 (5th Cir.1970)).

regarding bias. The record shows that one of them did not, as the plaintiff contended, always act as the chairperson of the review board. In the face of the defendants' evidence showing the plaintiff was accorded a hearing and that the plaintiff's status is reviewed every 90 days by boards whose membership varies, the plaintiff's claim of bias in violation of due process was appropriately dismissed.

F. Dismissal of Edwards, Tillery, Vannoy, and Butler

Finally, the plaintiff challenges the dismissal of four defendants, including Edwin Edwards, governor of Louisiana.[24] The plaintiff, however, has failed to allege any act on the part of these defendants which contributed to the violation of his constitutional rights. Rather, Woods argues that as officials of the Louisiana state government and the Louisiana Department of Corrections, these four defendants are responsible for the acts of all the officials below them that directly affected Woods.

In order to state a cause of action under section 1983, the plaintiff must identify defendants who were either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged.[25] Woods failed to make such allegations as to these four defendants and,

---

[24]The four defendants include Edwin Edwards, the governor of Louisiana, and Tillery, Vannoy, and Butler, three officials of the Louisiana Corrections Department. None of these officials had any direct contact with Woods or his case. Rather, Woods alleged that they were responsible for the acts of their subordinates.

[25]*Lozano v. Smith,* 718 F.2d 756, 768 (5th Cir.1983) (citing *Douthit v. Jones,* 641 F.2d 345 (5th Cir.1981)).

11

therefore, their dismissal was proper.

                                III

     The district court correctly determined that the plaintiff's claims lacked merit.  While Woods has stated recognizable claims, he has not advanced evidence to support his allegations. Accordingly, we AFFIRM the district court's grant of summary judgment in favor of the defendants.  Nevertheless, the Court points out that Woods has been in extended lockdown for almost four years and that it would be appropriate for the review board and the magistrate to give especially careful attention to the need for continuing to keep Woods in that status.