IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-60707
Summary Calendar
_____


DENNIS GERALD WILLIS,

Plaintiff-Appellant,

versus

DAVID TURNER, Superintendent,Southern Mississippi Correctional
Institute; HUBERT JORDAN; JERRY WALLEY;
SHERMAN WALLEY; THOMAS MATHINS,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:99-CV-171-PG
--------------------
June 28, 2000

Before JONES, DUHÉ, and STEWART, Circuit Judges.

PER CURIAM:[1]

Dennis Willis ("Willis"), Mississippi state prisoner # 79654A, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983. He alleged that the actions of various prison officials after he was found guilty of violating a prison rule violated his due process and equal protection rights and his right to be free from cruel and unusual punishment. After granting Willis leave to proceed in forma pauperis ("IFP"), the district court dismissed his complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failing to state a claim on which relief may be granted.

_____

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court did not err in dismissing Willis' complaint. First, Willis failed to state a viable due process claim because his claim relied on "a legally nonexistent interest," his liberty interest in his custodial classification. See Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999). Second, Willis failed to state a viable Eighth Amendment claim because he failed to allege that he was deprived of "life's necessities" or a "basic human need." See Berry v. Brady, 192 F.3d 504, 507 (5th Cir. 1999); Woods v. Edwards, 51 F.3d 577, 581 (5th Cir. 1995). Finally, Willis failed to state a viable equal protection claim because he merely alleged that prison officials punished him more harshly than an inmate who committed the same rule violation and failed to allege a discriminatory purpose for the officials' actions. See Thompson v. Patteson, 985 F.2d 202, 207 (5th Cir. 1993) (absent allegation of improper motive, "mere claim of inconsistent outcomes in particular, individual instances furnishes no basis for relief"). The judgment of the district court is AFFIRMED.