IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-31471
Summary Calendar
_____

ANDREW MCGRAW,

                                        Plaintiff-Appellant,

versus

BURL CAIN; RICHARD L. STALDER; UNKNOWN DIFFATTA, Doctor;
UNKNOWN HANDS, Doctor; UNKNOWN GUTIERREZ; UNKNOWN TARVER;
UNKNOWN DURRETT; UNKNOWN BARNES; JOHN DOE; JOHN DOE; JOHN DOE;
JOHN DOE; PAT TRUETT,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 01-CV-725-B
--------------------
May 23, 2002

Before DAVIS, BENAVIDES and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Andrew McGraw, Louisiana prisoner # 295773, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint as frivolous and for failure to state a claim under 42 U.S.C. § 1997e(e) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).  McGraw alleged in the district court and on appeal that he is being handcuffed with his hands behind his back, that he suffers from

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

various medical conditions, that being handcuffed in such a way could cause injuries and causes his hands to swell and become numb, that he once fell and suffered injuries, that the defendants knew about his medical problems and the problems with being handcuffed in such a manner but did nothing, and that he is being handcuffed in such a manner and brutalized as retaliation for having committed violations of prison policies of which he was falsely accused.

The injuries McGraw alleged he suffered or might suffer are <u>de</u> <u>minimis</u> and do not establish a claim for 42 U.S.C. § 1983 relief.  See <u>Harper v. Showers</u>, 174 F.3d 716, 719 (5th Cir. 1999); <u>Siglar v. Hightower</u>, 112 F.3d 191, 193 (5th Cir. 1997). Furthermore, McGraw does not challenge the district court's determination that his claims at best alleged only negligence and not deliberate indifference.  McGraw's claims of retaliation are conclusory and also do not establish a viable claim for relief. See <u>Woods v. Edwards</u>, 51 F.3d 577, 580-81 (5th Cir. 1995).

The district court's dismissal of McGraw's complaint is AFFIRMED.  His request for the production of documents is DENIED.