IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 01-60963

Summary Calendar

---

JESSIE REYNOLDS,

Plaintiff-Appellant,

versus

WACKENHUT CORRECTION CORPORATION;
EMMITT L. SPARKMAN, Warden; WILLIE
MAE WILLIAMS; DAVID HELMIC; KENNETH
WILLIAMS; BRENDA CRAINE; GWEN SHAW;
SALLIE PENNEBAKER; LOIS BEAN; CHARLES
SMITH; SUPERVISOR BAGWELL; ROBERT
JOHNSON; JOHN HOPKINS; C. RUCKER;
CHYNETA JONES; LISHA AGNEW,

Defendants-Appellees.

---

Appeal from the United States District Court
For the Northern District of Mississippi

---

(3:01-CV-51-D)
July 1, 2002

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Jessie Reynolds appeals the district court's grant of
Appellees' motion for summary judgment in this Section 1983 action.
Reynolds argues that his constitutional rights were violated when
appellees did not promptly replace his worn out shoes. He further

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

alleges that the poor condition of the shoes caused him to develop a cold.

We review a district court's grant of summary judgment *de novo*.[1] For conditions of confinement to rise to the level of a constitutional violation, the prisoner must show that the risk that he complains of is "so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk."[2]

Reynolds' allegations show, at most, that he was forced to endure uncomfortable conditions of confinement. Comfortable prisons are not mandated by the Constitution, and his allegations regarding his shoes fall far below the constitutional standard.[3] The district court did not err in granting Appellees' motion for summary judgment. AFFIRMED.

---

[1] *Threadgill v. Prudential Sec. Group, Inc.*, 145 F.3d 286, 292 (5th Cir. 1998).

[2] *Helling v. McKinney*, 509 U.S. 25, 36 (1993) (emphasis in original).

[3] *See Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir. 1995).