IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-30591
Conference Calendar

_____

ERIC ROBERSON,

                                        Plaintiff-Appellant,

versus

JAMES M. LEBLANC; JAMES FELKER; STEVE RADER, Deputy Warden;
JAMES STEVENS; RONNIE WILLIAMS; DENNIS GRIMES,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 01-CV-695
--------------------
December 12, 2002

Before JOLLY, JONES, and WIENER, Circuit Judges.

PER CURIAM:[*]

     Eric Roberson, Louisiana state prisoner # 101083, has
appealed the district court's dismissal of his 42 U.S.C. § 1983
civil rights action.  We DISMISS the appeal as frivolous.

     Roberson contends that the defendant prison officials have
violated his Eighth Amendment rights by subjecting him to
disciplinary actions and retaliation relative to his hobbycraft
material and privileges.  He is not entitled to relief on this

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

claim because he has failed to show or allege the deprivation of constitutional rights. See Harper v. Showers, 174 F.3d 716, 720 (5th Cir. 1999). Nor is Roberson entitled to relief relative to his conclusional allegations of retaliation. See Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995).

Roberson asserts that the prison administration's denial of hobbycraft privileges to him has violated his Fourteenth Amendment right to equal protection of the law. This claim lacks merit because Roberson has not identified himself with a particular group as to which the appellees have acted with a discriminatory purpose. See Woods v. Edwards, 51 F.3d 577, 580 (5th Cir. 1995).

Roberson's appeal is without arguable merit and is therefore frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Accordingly, Roberson's appeal is DISMISSED. See 5TH CIR. R. 42.2. The district court's dismissal of his complaint as frivolous and the dismissal of this appeal as frivolous both count as "strikes" pursuant to 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). If Roberson accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

Roberson is hereby cautioned that the prosecution of additional frivolous appeals will invite the imposition of

sanctions.  Therefore Roberson should review any pending appeals to determine whether they raise frivolous issues.

APPEAL DISMISSED; THREE-STRIKES WARNING ISSUED.