United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 28, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

—————————

No. 02-11294
Summary Calendar

—————————

WILLIE J. NELSON,

             Plaintiff-Appellant,

                         versus

A. STRANG,

             Defendant-Appellee.

—————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:02-CV-206

—————————

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Willie J. Nelson, Texas prisoner # 690228, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint under 28 U.S.C. § 1915(e)(2)(B) as frivolous and for failure to state a claim. He contends that defendant Strang forged Nelson's signature on a parole plan and falsely stated that he had contacted Nelson's sister in conjunction with that plan, which resulted in his being

———————————————

    [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

denied parole in 1999 in violation of the Eighth and Fourteenth Amendments.[1]

Nelson's allegation of cruel and unusual punishment resulting from having to serve an extended sentence after his 1999 parole denial does not establish a violation of his Eighth Amendment rights.[2] Moreover, "[t]he protections of the Due Process Clause are only invoked when State procedures which may produce erroneous or unreliable results imperil a protected liberty or property interest."[3] We have previously held that "Texas prisoners have no protected liberty interest in parole," and therefore "they cannot mount a challenge against any state parole review procedure on procedural (or substantive) Due Process grounds."[4] Although Nelson argues that he was entitled to a full and fair parole hearing and that Strang violated this right by forging Nelson's signature on the parole plan and lying about contacting Nelson's sister,

---

[1] In his brief, Nelson also alleges that this constituted a denial of his Fifth Amendment rights. However, in his complaint filed in the district court Nelson alleged only a violation of his Eighth and Fourteenth Amendment rights, so we address only those claims on appeal. *Stokes v. Emerson Elec. Co.*, 217 F.3d 353, 358 n.19 (5th Cir. 2000) (holding that arguments not raised in the district court cannot be asserted for the first time on appeal).

[2] *See Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir. 1995) (holding that an Eighth Amendment violation occurs only where a condition of confinement is "so serious as to 'deprive prisoners of the minimal civilized measure of life's necessities,'" and the prison official responsible was "'deliberately indifferent' to inmate health or safety").

[3] *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997).

[4] *Id.*

2

"allegations that the Board considers unreliable or even false information in making parole determinations, without more, simply do not assert a federal constitutional violation"; "[r]ather, such concerns are matters for the responsible state agencies and it is to those bodies that grievances concerning parole procedures should be addressed."[5]

Nelson's appeal is without arguable merit and is thus frivolous.[6] Accordingly, we DISMISS Nelson's appeal as frivolous.[7] This dismissal of his appeal as frivolous and the district court's dismissal of his complaint as frivolous and for failure to state a claim upon which relief can be granted constitute two "strikes" for the purposes of 28 U.S.C. § 1915(g).[8] If Nelson obtains three "strikes," he will not be able to proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.[9]

---

[5] *Id.* at 308-09.

[6] *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983).

[7] *See* 5TH CIR. R. 42.2.

[8] *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996).

[9] 28 U.S.C. § 1915(g).