United States Court of Appeals
Fifth Circuit

**F I L E D**

September 9, 2003

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 03-50261
Summary Calendar

ALBERT DE LA GARZA,

Plaintiff-Appellant,

versus

A.M. STRINGFELLOW; GARY JOHNSON, Executive Director,
Texas Department of Criminal Justice, Institutional Division;
JANIE COCKRELL, Director, Texas Department of Criminal Justice,
Institutional Division; HECTOR BARRERA; TERRY FOSTER, SR.;
DAN C. LEWIS; DELOIS TARVER; CALVIN DAVIS; MARTIN COBRRUBIAS;
PATRICIA L. CHARLES,

Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Texas
(A-02-CV-257-JN)

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Albert De La Garza, Texas prisoner # 645460, appeals the Rule 12(b)(6) dismissal of his 42 U.S.C. § 1983 action. The dismissal is reviewed *de novo*. (De La Garza's motions for summary judgment, sanctions, and to strike Appellees' brief are **DENIED**.)

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

De La Garza's allegations concerning staff shortages at TDCJ do not constitute an Eighth Amendment violation; for example, he has not shown that the claimed staff shortages have led to any specific problems with security or inmates' access to food, medical care, or sanitation. *See* **Farmer v. Brennan**, 511 U.S. 825, 832–33 (1994); *see also* **Woods v. Edwards**, 51 F.3d 577, 581 (5th Cir. 1995).

De La Garza also asserts the TDCJ must comply with the staffing requirements of **Ruiz v. Johnson**, 37 F. Supp. 2d 855 (S.D. Tex. 1999), *reversed and remanded*, 243 F. 3d 941 (5th Cir. 2001), *on remand*, 154 F. Supp. 2d 975, 989 (S.D. Tex. 2001). Noncompliance with **Ruiz** is not actionable under § 1983. *See* **Green v. McKaskle**, 788 F.2d 1116, 1122 (5th Cir. 1986).

De La Garza has not shown a constitutional violation based on the allegedly inadequate response to his grievances, being left unsupervised on several occasions, or being without water for one and a half hours. *See* **Woods**, 51 F.3d at 581; *see also* **Daniels v. Williams**, 474 U.S. 327, 336 (1986)(negligence does not amount to a constitutional violation). De La Garza's claim that he was verbally abused by a prison guard does not give rise to a § 1983 action. *See* **Siglar v. Hightower**, 112 F.3d 191, 193 (5th Cir. 1997). Further, De La Garza has not shown that prison officials were deliberately indifferent to a risk of attack by other inmates; they responded immediately by preparing a life endangerment report

2

and granting his request for new housing.  *See* **Farmer**, 511 U.S. at 847; **Woods**, 51 F.3d at 581.

For the first time on appeal, De La Garza contends that the magistrate judge and district judge were biased.  De La Garza failed to present this contention at a reasonable time in the litigation.  *See* **Hollywood Fantasy Corp. v. Gabor**, 151 F.3d 203, 216 (5th Cir. 1998).

*AFFIRMED; ALL OUTSTANDING MOTIONS DENIED*