United States Court of Appeals
Fifth Circuit

**F I L E D**

June 23, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-51074
Conference Calendar

_____

KAYSANDRA LATHETTE PEYTON,

Plaintiff-Appellant,

versus

BONNIBELLE RUCKER, Assistant Warden; PHILLIS THOMPSON,
Correctional Officer IV; JOHNNY JOHNSON, Lieutenant,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-03-CV-145
--------------------

Before BARKSDALE, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Kaysandra Lathette Peyton, Texas prisoner # 874811,
proceeding pro se and in forma pauperis ("IFP"), appeals the
magistrate judge's dismissal of her 42 U.S.C. § 1983 civil rights
action against Texas Department of Criminal Justice officials.
She argues that the defendants failed to protect her from being
attacked by a fellow inmate. However, because Peyton has not
provided facts indicating that the defendants were informed of a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

prior altercation between Peyton and the other inmate or of Peyton's wish to be moved away from the other inmate, nor has she shown that the prior altercation posed a "substantial risk of serious harm," she has failed to show that the defendants acted with deliberate indifference. See Woods v. Edwards, 51 F.3d 577, 583 (5th Cir. 1995); Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Peyton also claims that defendant Thompson laughed at her at the time of the incident, "therefore taking my life as a joke." However, such actions do not amount to constitutional violations under 42 U.S.C. § 1983. See Calhoun v. Hargrove, 312 F.3d 730, 734 (5th Cir. 2002).

Peyton's appeal is without arguable merit and is thus frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Accordingly, we DISMISS her appeal as frivolous. 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous counts as a "strike" under 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996). Peyton is WARNED that if she accumulates three "strikes" under 28 U.S.C. § 1915(g), she will not be able to proceed IFP in any civil action or appeal filed while she is incarcerated or detained in any facility unless she is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.