**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**August 28, 2006**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-60530
Conference Calendar

_____

JAMES ALBERT JONES,

                                   Plaintiff-Appellant,

versus

LATISHA ROACH, Director of Offender Service,

                                   Defendant-Appellee.

---------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:05-CV-95
---------------------

Before DAVIS, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

     James Albert Jones, Mississippi prisoner # 20536, appeals

from the dismissal with prejudice pursuant to 28 U.S.C.

§ 1915(e)(2) for failure to state a claim of his pro se, in forma

pauperis (IFP), 42 U.S.C. § 1983 complaint.

     With the benefit of liberal construction, Jones argues that

he is unlawfully confined in "D custody," that the scoring system

used by the Mississippi Department of Corrections is an arbitrary

classification system, and that the scoring system was

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

erroneously applied in his case.  He also contends that his classification is cruel and unusual and that he is unconstitutionally confined in maximum isolation.

Courts generally are not concerned with a prisoner's initial classification level based on his criminal history before his incarceration because an inmate has "no protectable liberty interest in his classification."  Wilkerson v. Stalder, 329 F.3d 431, 435-36 (5th Cir. 2003).  Additionally, a prisoner's change in custody status, "without more, does not constitute a deprivation of a constitutionally cognizable liberty interest." Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995).  Finally, Jones's conclusional assertion that his custodial classification runs afoul of the Eighth Amendment's prohibition of cruel and unusual punishment does not state a constitutional claim because he fails to allege that he was deprived of life's necessities or a basic human need.  See Berry v. Brady, 192 F.3d 504, 507 (5th Cir. 1999); Woods v. Edwards, 51 F.3d 577, 581 (5th Cir. 1995).

Jones's appeal is without arguable merit and is dismissed as frivolous.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2.  The district court's dismissal of Jones's complaint for failure to state a claim counts as a strike under 28 U.S.C. § 1915(g), as does the dismissal of this appeal. See 28 U.S.C. § 1915(g); Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996).  This court cautions Jones that if he accumulates three strikes, he will not be able to proceed IFP in

any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.