United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 17, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-40933
Summary Calendar
_____

GERALD C. PIPER,

Plaintiff-Appellant,

versus

CHRISTINA M. CRAIN, Chairman, TX Board of Criminal Justice;
DOUGLAS DRETKE, Director; RICK THALER, Regional Director;
DAVID SWEETIN, Senior Warden; PHILLIP JEFFERIES, Lieutenant,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:06-CV-61
--------------------

Before REAVLEY, BARKSDALE and STEWART, Circuit Judges.

PER CURIAM:[*]

Gerald C. Piper, Texas prisoner # 913394, appeals the district court's dismissal of his 42 U.S.C. § 1983 suit as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915A. A dismissal for failure to state a claim upon which relief may be granted is reviewed de novo. Black v. Warren, 134 F.3d 732, 734 (5th Cir. 1998).

Piper alleges that conditions in the Eastham Unit are interrupting his sleep. "[T]he treatment a prisoner receives in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." Woods v. Edwards, 51 F.3d 577, 581 (5th Cir. 1995) (internal quotations and citation omitted). To establish an Eighth Amendment violation, the prisoner must show that "the risk that [he] complains of [is] so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk." Helling v. McKinney, 509 U.S. 25, 36 (1993). Piper has made no showing that the complained conditions violate contemporary standards of decency. The district court did not err in finding that Pipers's claims were insufficient to establish an Eighth Amendment violation.

Piper is warned that the district court's dismissal of his § 1983 suit counts as a strike for purposes of 28 U.S.C. § 1915(g) and that if he accumulates three strikes, he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996); § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED.