**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 10, 2013

Lyle W. Cayce
Clerk

No. 12-40418
Summary Calendar

KENNETH R. JOHNSON,

Plaintiff-Appellant

v.

RICK THALER; HEALTH MANAGER ANGELA SKINNER; OFFICER ADAMS,

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 6:10-CV-25

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Kenneth R. Johnson appeals the grant of summary judgment to defendant John Adams and dismissal of Johnson's 42 U.S.C. § 1983 complaint. Johnson also seeks authorization to file a supplemental brief. As staff counsel has considered the brief, his motion to file a supplemental brief is granted.

Johnson filed suit against Adams, Rick Thaler, and Angela Skinner after he was injured when a prison van in which he was riding, driven by Officer Adams, hit a deer. Following a hearing on the matter, the magistrate judge

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(MJ), ruling with the consent of the parties, dismissed Johnson's claims against Thaler and Skinner for failure to state a claim.  Johnson then filed a motion for summary judgment, and Adams filed a cross motion.  In granting Adams's cross motion, the MJ determined that Johnson failed to exhaust his administrative remedies with the Texas Department of Correctional Justice.  The MJ further determined that Adams was entitled to qualified immunity because Johnson failed to show that the officer knew of and deliberately disregarded an excessive risk to inmate safety.

We review the MJ's grant of summary judgment de novo.  *See Xtreme Lashes, LLC v. Xtended Beauty, Inc.*, 576 F.3d 221, 226 (5th Cir. 2009).  Whether or not Johnson's prison grievances were sufficiently clear to reasonably indicate the nature of Johnson's claims and thus exhaust them, *see Johnson v. Johnson*, 385 F.3d 503, 518 (5th Cir. 2004), Johnson has shown no error in the MJ's determination that Adams was entitled to qualified immunity.

"Qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Lytle v. Bexar County, Tex.*, 560 F.3d 404, 409 (5th Cir. 2009) (internal quotation marks and citation omitted).  Evaluating qualified immunity is a two-step process.  First, we determine whether the plaintiff has alleged a violation of a clearly established constitutional or statutory right.  *See Siegert v. Gilley*, 500 U.S. 226, 231-32 (1991).  If we find that there was a constitutional violation, we move to the second step, which involves "determining whether the law was sufficiently clear that a reasonable officer would have known that his conduct violated the constitution." *Lytle*, 560 F.3d at 410.

The treatment of prisoners and the conditions of their confinement are subject to scrutiny under the Eighth Amendment.  *See Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir. 1995).  To establish an Eighth Amendment violation based on the conditions of his confinement, a prisoner must satisfy both an

objective component and a subjective component. *Id.* "First, he must show that his confinement resulted in a deprivation that was 'objectively, sufficiently serious.'" *Hernandez v. Velasquez*, 522 F.3d 556, 560 (5th Cir. 2008) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Second, regarding the subjective component, the Supreme Court has adopted "subjective recklessness as used in the criminal law," as the appropriate test for deliberate indifference. *Farmer*, 511 U.S. at 839-40. To establish deliberate indifference, the prisoner must show that the prison official knew of and disregarded an excessive risk to inmate health or safety. *Id.* at 837. That is, the prisoner must show both that (1) the official was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and (2) the official actually drew the inference. *Id.* "Deliberate indifference is an extremely high standard to meet." *Brewster v. Dretke*, 587 F.3d 764, 770 (5th Cir. 2009) (internal quotation marks and citation omitted).

The MJ determined that Adams was entitled to qualified immunity because Johnson failed to show a constitutional violation, specifically, that the officer knew of and deliberately disregarded an excessive risk to inmate safety. Johnson argues that the evidence shows that Adams was aware of the risk because the other officer warned him about the deer. Johnson further contends that Adams's own statement that he never swerves to avoid a deer when moving at a high rate of speed because the vehicle may flip shows that Adams was both "speeding and intentionally hit the deer." Further, Johnson contends that the other officer admitted warning Adams about the deer. Johnson avers conclusorily that Adams acted willfully and wantonly.

At most, Johnson has shown that Adams should have been aware of a substantial risk, but not that he was, in fact, subjectively aware. At the hearing, Johnson alleged that the officer was speeding, driving recklessly, and "possibly sleeping." The allegations failed to show that Adams knew of and intentionally disregarded a substantial risk to Johnson's safety in the accident involving the

deer. *See Farmer*, 511 U.S. at 837. Johnson's conclusory assertions are insufficient to show an Eighth Amendment violation. *See Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010). In the absence of a constitutional violation, qualified immunity protects Adams from liability. *See Siegert*, 500 U.S. at 231-32. Johnson has failed to show that the district court erred in granting summary judgment to Adams. The MJ's judgment is therefore AFFIRMED.