# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 23, 2013

No. 12-40390
Summary Calendar

Lyle W. Cayce
Clerk

ANTWON PARKER,

Plaintiff-Appellant

v.

DAVID FORTNER; FNU SCRUGGS; JEANIE ALLISON; DR. FNU HANLEY;
CECIL HASTY; AMY JONES; PATRICK COOPER; NEAL WEB; MICHAEL
SIZEMORE,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:10-CV-296

Before BENAVIDES, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Antwon Parker, Texas prisoner # 1311517, appeals the summary judgment
dismissing his claims of deliberate indifference to medical needs, retaliation, and
discrimination.  We have reviewed the record, including Parker's submissions
in opposition to summary judgment, and we conclude that he has not shown any
genuine dispute as to any material fact concerning whether the defendants

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

showed deliberate indifference to his medical needs. *See* FED. R. CIV. P. 56(a); *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010); *Lawson v. Dallas County*, 286 F.3d 257, 262 (5th Cir. 2002). The record is replete with uncontested evidence of Parker's medical care showing that Parker's contentions concern only his disagreement and dissatisfaction with the diagnosis and treatment of his medical problems. *See Sama v. Hannigan*, 669 F.3d 585, 590 (5th Cir. 2012); *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995). Accordingly, he has not made the showing necessary to defeat summary judgment on his claims of deliberate indifference to his medical needs. *See Duffie*, 600 F.3d at 371.

Parker's claims that defendant Cecil Hasty showed deliberate indifference to his medical condition by assigning him to jobs beyond his medical restrictions likewise fail. Parker has failed to show that there is a genuinely contested factual issue as to whether Hasty ignored any restriction of which he had actual knowledge. *See Lawson*, 286 F.3d at 262-63.

Concerning retaliation, Parker merely reiterates his prior allegations of defendant wrong-doing and fails to identify any genuine factual issue that would suggest a retaliatory motivation by any defendant. *See Woods v. Smith*, 60 F.3d 1161, 1164-66 (5th Cir. 1995).

Parker also contends that Hasty discriminated against him on racial grounds in the distribution of kitchen job assignments. Parker asserts merely that Hasty temporarily assigned to a white prisoner the shift that Parker had been working and that there was no rational basis for doing so. Hasty testified by affidavit that work was assigned on the basis of practical factors and that Parker's assignment was not based on race. In response, Parker failed to identify any genuine factual dispute material to the essential issue of discriminatory intent. *See Adkins v. Kaspar*, 393 F.3d 559, 566 (5th Cir. 2004) (rejecting prison discrimination claim based on "bald, unsupported, conclusional allegations"); *Woods v. Edwards*, 51 F.3d 577, 580 (5th Cir. 1995).

2

Parker makes vague and speculative claims for additional discovery. He fails to show that the district court abused its discretion by denying additional discovery. *See Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010); *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1267 (5th Cir. 1991).

Parker likewise fails to a show that the district court abused its discretion by declining to appoint counsel. *See McFaul v. Valenzuela*, 684 F.3d 564, 581 (5th Cir. 2012). Parker was able to present his claims vigorously and coherently.

The judgment of the district court is AFFIRMED.