# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-31279

United States Court of Appeals
Fifth Circuit

**FILED**

September 4, 2014

Lyle W. Cayce
Clerk

NATHANIEL ANDERSON,

Plaintiff-Appellant

v.

JAMES M. LEBLANC, Secretary of Department of Corrections; NATHAN B. CAIN, Warden; CHAD J. MENZINA, Associate Warden; LOUIS STROUD, Major,

Defendants-Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:13-CV-541

Before KING, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Nathaniel Anderson, Louisiana prisoner # 130547, moves for leave to proceed in forma pauperis (IFP) to appeal the district court's dismissal of his 42 U.S.C. § 1983 complaint as frivolous. Anderson argues that (1) his claim is cognizable because he alleged the deprivation of property interests without due process, (2) the closure of the hobby shop constituted a seizure under the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-31279

Fourth Amendment, and (3) the district court should have allowed him to amend his complaint before it was dismissed.

By moving to proceed IFP, Anderson is challenging the district court's certification that his appeal is not taken in good faith under 28 U.S.C. § 1915(a)(3). *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

Anderson has failed to identify a constitutionally protected liberty or property interest. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Board of Regents v. Roth*, 408 U.S. 564, 569-70 (1972). Although he also alleged that the defendants violated his rights under the Fourth Amendment and the Equal Protection Clause, he has failed to show that he had an expectation of privacy or that the defendants acted with discriminatory purposes. *See United States v. Ward*, 561 F.3d 414, 419 (5th Cir. 2009); *Woods v. Edwards*, 51 F.3d 577, 580 (5th Cir. 1995). Anderson has failed to show that the district court abused its discretion by dismissing his complaint without first permitting him to amend it. *See Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009). Because Anderson has failed to raise a nonfrivolous issue for appeal, his motion for leave to proceed IFP on appeal is DENIED and his appeal is DISMISSED as frivolous. 5TH CIR. R. 42.2.

The district court's dismissal of Anderson's § 1983 complaint as frivolous and the dismissal of this appeal as frivolous count as strikes under § 1915(g). *See* § 1915(g); *Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Anderson is WARNED that if he accumulates three strikes, he will not be allowed to proceed IFP in any civil action or appeal filed while he is

2

incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).