# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-40220
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 24, 2020

Lyle W. Cayce
Clerk

ERIC WATKINS,

Plaintiff-Appellant

v.

JODY UPTON, Warden; G. MALDONADO, JR., Regional Director; HARRELL WATTS, Administrator of National Inmate Appeals,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:11-CV-244

Before KING, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Eric Watkins, former federal prisoner # 55630-004, appeals the district court's dismissal of his complaint under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). The district court dismissed the complaint pursuant to 28 U.S.C. §1915(e)(2)(B) as frivolous and for failure to state a claim upon which relief may be granted. We review the dismissal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-40220

de novo and apply the same standard of review to the dismissal for failure to state a claim under § 1915(e)(2)(B)(ii) as for a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005); *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).

Watkins asserts that he adequately alleged that the defendants violated his First Amendment right to practice his religion. He contends that the religious menu served at the federal correctional facility in Beaumont, Texas—which is part of a pilot program under which religious meals are served on a certified unitized tray—did not satisfy the rules of his religion, i.e., Rastafarianism. He alleges that he informed the defendants of the constitutional violation through grievances, but they did not take appropriate action.

Even if we assume that Watkins can raise a First Amendment claim in a *Bivens* action, he has not established that the district court erred. To the extent that he challenges the disposition or handling of his grievances, his claim does not implicate a constitutional right. *See Geiger*, 404 F.3d at 374. He otherwise has not alleged facts to establish a connection between the acts of the defendants—whom he maintains were liable as supervisors—and his purported injury, i.e., he has set forth neither a deficient policy that the defendants implemented nor personal involvement by the defendants in the selection or preparation of his religious meals. *See Cronn v. Buffington*, 150 F.3d 538, 544 (5th Cir. 1998). In addition, we have held that prisons need not respond to particularized religious dietary requests to comply with the First Amendment. *Baranowski v. Hart*, 486 F.3d 112, 122 (5th Cir. 2007).

Next, Watkins argues that the district court wrongly dismissed his claim under the Equal Protection Clause. He maintains that the religious meals

served as part of the unitized tray program met the religious dietary needs of Islam and Judaism but not Rastafarianism.

The ground on which Watkins bases his equal protection claim, that the defendants as supervisors did not address his problems with the unitized tray program after his grievances alerted them to his issues, is the same as the ground on which he bases his First Amendment claim.  As noted, those allegations are insufficient to state a constitutional violation.  *See Geiger*, 404 F.3d at 374; *Cronn*, 150 F.3d at 544.  Moreover, Watkins otherwise has not alleged facts to support that, even if he was treated differently from similarly situated inmates, any unequal treatment stemmed from a discriminatory purpose, i.e., Watkins offers nothing to suggest the religious menu was selected because of, and not merely in spite of, any adverse effect it may have on Rastafarians.  *See Woods v. Edwards*, 51 F.3d 577, 580 (5th Cir. 1995).

Watkins also argues that the district court erred in dismissing his claims against the defendants in their official capacities.  However, the district court properly concluded that the doctrine of sovereign immunity barred the claims. *See Correctional Services Corp. v. Malesko*, 534 U.S. 61, 71-72 (2001); *Hafer v. Melo*, 502 U.S. 21, 25 (1991).

Finally, Watkins argues that the district court dismissed his complaint without giving him the opportunity to amend it with additional facts.  He has failed to identify any specific material facts that he would have set forth in an amended complaint to suggest that the defendants were liable for the alleged violations or to support that his claims were legally meritorious.  Accordingly, he has not established that the allegations in his complaint could be adequate with additional factual development and specificity.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  He therefore has not shown that the district court abused

its discretion by not allowing him to amend his complaint. *See Eason v. Thaler*, 14 F.3d 8, 9-10 (5th Cir. 1994).

Accordingly, the judgment of the district court is AFFIRMED.