# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 11, 2022

Lyle W. Cayce
Clerk

No. 21-40428
Summary Calendar

Rell Angton, Jr.,

*Plaintiff—Appellant*,

*versus*

Bryan Collier, *Executive Director*, *Texas Department of Criminal Justice*; Texas Department of Criminal Justice,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:20-CV-182

Before Stewart, Duncan, and Wilson, *Circuit Judges*.

Per Curiam:*

Rell Angton, Jr., former Texas prisoner # 799563, appeals the dismissal of his 42 U.S.C. § 1983 suit based upon immunity under 28 U.S.C. § 1915(e)(2)(B)(iii) and for failure to state a claim upon which relief could be

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

granted under Federal Rule of Civil Procedure 12(b)(6). In that suit, he alleged that the Texas Department of Criminal Justice (TDCJ) and Brian Collier, the TDCJ Executive Director, exposed Angton to excessive heat in violation of the terms of a settlement agreement from a separate class action. The settlement agreement provided that all class members, including Angton, be housed in air-conditioned facilities for the remainder of their incarceration.

We review a district court's dismissal for failure to state a claim de novo. *See Morris v. Livingston*, 739 F.3d 740, 745 (5th Cir. 2014). Angton does not challenge the district court's reasoning that the TDCJ was entitled to Eleventh Amendment immunity against Angton's suit for money damages. Because Angton fails to contest or address the district court's reasons for dismissing his claims against the TDCJ under § 1915(e)(2)(B)(iii), he has abandoned any argument in that regard on appeal. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993); *Brinkmann v. Dall. Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Additionally, Angton has not stated a plausible claim for relief against Collier under § 1983. Angton did not allege any personal involvement by Collier in an act or omission that resulted in Angton's alleged exposure to extreme heat. *See Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987). Nor did Angton allege any policy implemented by Collier that was "the moving force" behind such exposure. *See id.* (quoting *Grandstaff v. City of Borger, Tex.*, 767 F.2d 161, 169 (5th Cir. 1985)). Moreover, Angton does not state a facially plausible claim that Collier is liable for violating the terms of the settlement agreement because "a remedial court order, standing alone, does not serve as a basis for section 1983 liability." *Woods v. Edwards*, 51 F.3d 577, 582 (5th Cir. 1995).

No. 21-40428

Finally, Angton attempts to raise claims of money damages against the State of Texas and civil rights violations against various prison employees. Because he did not raise those claims in the district court, we will not consider them in the first instance on appeal. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

Accordingly, the judgment of the district court is AFFIRMED. Angton's motions for appointment of counsel are DENIED.