# United States Court of Appeals for the Fifth Circuit

---

No. 23-40028

---

Vinicio J. Garcia,

*Plaintiff—Appellant*,

*versus*

Bobby Lumpkin; Warden Townsend; Warden Marshall,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:22-CV-67

---

Before Jones, Higginson, and Ho, *Circuit Judges*.

Per Curiam:[*]

Vinicio J. Garcia, Texas prisoner # 1828198, filed a 42 U.S.C. § 1983 action, arguing that his constitutional rights were violated when he was transferred to an unsanitary cell. He included additional allegations concerning the cell conditions and argued, inter alia, that he was deprived of certain property.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-40028

The district court dismissed Garcia's complaint for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii), and denied Garcia leave to proceed in forma pauperis (IFP) on appeal. Garcia now moves this court for leave to proceed IFP on appeal.

By seeking leave to proceed IFP, Garcia is challenging the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). To obtain IFP status, Garcia must demonstrate financial eligibility and a nonfrivolous appellate issue. *See Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). Garcia has demonstrated his financial eligibility, *see id.*, but he has not shown an appellate issue concerning the district court's dismissal of his complaint that is likely to prevail. *See Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir. 1995).

Although Garcia has alleged deeply unpleasant conditions, his appeal does not provide sufficient facts or allegations that would permit him to overcome the legal insufficiencies, outlined in the magistrate judge's recommendation and the district court's opinion, of his 1st Amendment, 8th Amendment, and other claims. These insufficiencies include, among others, the failure to demonstrate the subjective requirement of prison officials' deliberate indifference to his health and safety, acknowledged post-deprivation remedies and intervening transfer to a different facility that moots certain claims, and the absence of descriptions of injuries tracing to the conditions of which he complained. Likewise, Garcia's requests for video preservation of the alleged prison conditions and his generalized allegations that rodents might carry hantavirus similarly do not alter the conclusions under the law as it stands today.

No. 23-40028

Accordingly, we DENY the motion to proceed IFP on appeal. Should Garcia wish to proceed, he must pay the requisite filing fee. *See Baugh*, 117 F.3d at 202.