**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

April 7, 2004

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

No. 03-10240
Summary Calendar

OSCAR RUIZ,

Plaintiff-Appellant,

versus

JOSEPH K. PRICE; DANNY CASTILLO; STEVEN RICH; TED MOORE;
STEVEN J. CHENEY; LEAH D. GIESER,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Texas
(2:01-CV-00301)

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:*

Oscar Ruiz, Texas prisoner #766772, proceeding *pro se*, appeals the judgment, based on a jury verdict, in favor of Captain Moore and Officers Castillo, Cheney, and Gieser in his 42 U.S.C. § 1983 action. He alleged: defendants failed to follow prison procedure with regard to conducting showers and were deliberately indifferent to his safety; and, as a result, he was attacked in the shower area of his unit by fellow inmates.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Ruiz does not contend the district court erred in dismissing the claims against Wardens Price and Rich. Nor does he contend the court erred in dismissing the claims against Captain Moore and Officers Castillo, Cheney, and Gieser in their official capacities. And, he merely lists as an issue whether the district court erred in failing to apply the liberal-construction standard in **Haines v. Kerner**, 404 U.S. 519, 520 (1972). Ruiz is deemed to have abandoned these issues on appeal. **Yohey v. Collins**, 985 F.2d 222, 225 (5th Cir. 1993).

The district court did not abuse its discretion in denying Ruiz's motion for appointment of counsel. **Jackson v. Cain**, 864 F.2d 1235, 1242 (5th Cir. 1989). Ruiz failed to demonstrate any exceptional circumstances warranting it. **Richardson v. Henry**, 902 F.2d 414, 417 (5th Cir. 1990). Moreover, as evidenced by his motions and pleadings and his ability to question witnesses and present evidence, he was able to adequately prosecute his claims.

Ruiz contends the district court erred in denying his request to subpoena Officer Kimball and other potential witnesses. This contention is conclusional. He does not state what Officer Kimball or the other witnesses would have testified to or how their nonappearance affected his trial. **Cupit v. Jones**, 835 F.2d 82, 86-87 (5th Cir. 1987)

Ruiz claims the trial judge allowed the defense to submit evidence that gave the jury the impression that he deserved to be

2

attacked because he was a gang member. This contention is conclusional. Ruiz does not identify the evidence and provides no argument other than stating the issue. Inadequately briefed issues are deemed abandoned. *See Woods v. Cockrell*, 307 F.3d 353, 357 (5th Cir. 2002).

Ruiz also complains that the trial judge did not aid him in admitting exhibits and failed to give him the same amount of time for closing arguments as the defense. This contention is also conclusional. He does not state what exhibits he could not introduce into evidence and fails to state how the exhibits would have changed the outcome of the proceeding. Nor does he state what further argument he would have made had he been given additional time. The issue is therefore abandoned. *See Id*.

Ruiz maintains that the district court abused its discretion in denying his new trial motion. Ruiz does not present any coherent argument that the jury's verdict with regard to Officer Castillo was against the great weight of the evidence. He merely avers that Officer Castillo was present at the unit at the time of the attack. This is insufficient to establish relief under 42 U.S.C. § 1983. *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995). To the extent that Ruiz avers that Officer Castillo failed to intervene and stop the attack, there was trial testimony that prison officers should not attempt to single-handedly break up a fight, but should call for backup (which was done in this case).

As is clear from the evidence at trial, any violation of the prison shower policy which precipitated the attack was the result of negligence and did not rise to the level of deliberate indifference. *See* **Davidson v. Cannon**, 474 U.S. 344, 347-48 (1986); **Neals v. Norwood**, 59 F.3d 530, 533 (5th Cir. 1995). The district court did not abuse its discretion. **Polanco v. City of Austin, Tex.**, 78 F.3d 968, 980-81 (5th Cir. 1996).

Nor did it abuse its discretion in denying Ruiz's motion for a preliminary injunction in which he requested greater access to legal materials. **Lakedreams v. Taylor**, 932 F.2d 1103, 1107 (5th Cir. 1991). Ruiz failed to show a substantial likelihood of success on the merits.

**AFFIRMED**