**David Lewis ADAMS, Plaintiff–Appellant,**

v.

**K. HANSEN, Defendant–Appellee.**

No. 87–2351.

United States Court of Appeals, Fifth Circuit.

July 23, 1990.

David L. Adams, pro se.

Lawrence Wells, Asst. Atty. Gen., Jim Mattox, Atty. Gen., Austin, Tex., for defendant-appellee.

Before GEE, SMITH and WIENER, Circuit Judges.

GEE, Circuit Judge:

David Lewis Adams, a Texas prisoner, brought this § 1983 action against a prison guard. After a *Spears* hearing, the trial court made findings and dismissed the suit as frivolous. Adams appeals.

Adams's complaint is that the defendant guard, in an act of gratuitous brutality, grabbed and twisted his right arm in an attempt to break it. Next, he asserts, the guard then put the "lid" on plaintiff's fin-

gers and placed all his weight on the "lid." (The "lid" is apparently the door of a small opening in the cell door.) Two of plaintiff's fingers were seriously lacerated, requiring stitches. At a *Spears* hearing,[1] Adams repeated his allegations without significant change.

The district court determined that there were no "severe injuries," noting as well that "[t]here is no evidence of malice other than Plaintiff's conclusory allegation."

*Analysis*

The district court's equating failure to state claim with frivolousness was error. *Neitzke v. Williams,* —— U.S. ——, 109 S.Ct. 1827, 1830–31, 104 L.Ed.2d 338 (1989).

This case is one of many which were held for disposition pending a decision in *Huguet v. Barnett,* 900 F.2d 838 (5th Cir. 1990). *Huguet* borrowed the excessive-force-to-arrest standards of the Fourth Amendment, established in *Johnson v. Morel,* 876 F.2d 477 (5th Cir.1989) (en banc), applying them to an Eighth Amendment use-of-force-to-restrain situation in a prison. The *Huguet* panel also added the Eighth Amendment wanton-infliction-of-pain factor. *Id.* at 841.

■ After *Huguet,* then, and in order for a plaintiff to prevail on an Eighth Amendment excessive-force claim, he must prove:

1. a significant injury, which
2. resulted directly and only from the use of force that was clearly excessive to the need, the excessiveness of which was
3. objectively unreasonable, and
4. the action constituted an unnecessary and wanton infliction of pain.

*Id.*

■ The "significant injury" factor is taken directly from *Johnson v. Morel,* 876 F.2d at 479–80; and we look to that opinion for guidance. The actionable injury in *Johnson* was: "Morel applied the hand-

1. The *Spears* hearing, developed by innovative trial judges, is designed to winnow the flood of state prisoner civil rights litigation and is de-

signed to produce a concrete statement of the claimed wrong. *Spears v. McCotter,* 766 F.2d 179, 181–82 (5th Cir.1985).

cuffs so tightly that they not only broke the skin, but left apparently permanent scars on Johnson's wrists...." 876 F.2d at 478.[2] In light of *Johnson*, as adopted by *Huguet*, Adams's injuries—lacerated fingers requiring sutures—are of sufficient magnitude to invoke Eighth Amendment protection.

At the time that this case was decided, the district court did not have *Huguet* for guidance. The court applied the standards of *Shillingford v. Holmes*, 634 F.2d 263 (5th Cir.1981) and *Whitley v. Albers*, 475 U.S. 312, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986). *Shillingford* is a Fourteenth Amendment, due process case; *Whitley* concerns the Eighth Amendment. The opinion in *Huguet* does not mention the "severe injury" standard of *Shillingford*, but the opinion indicates that *Johnson v. Morel* established the standard for Eighth Amendment harms as "significant" and that "severe" and "significant" are the same.

In *Salcedo v. McCotter*, No. 89–6015, slip op. at 3–4 (5th Cir. May 16, 1990) [903 F.2d 825 (table) ] we suggested that the "significant" injury of *Johnson v. Morel* (Fourteenth Amendment) and the "severe" injury of *Shillingford* (Fourteenth Amendment) are the same and apply to Eighth Amendment analyses. *Cf. Hines v. Boothe*, 841 F.2d 623, 624 (5th Cir.1988) (applying "severe" standard of *Shillingford* to Eighth Amendment case; pre-*Johnson v. Morel* ). *Salcedo* was issued five days after *Huguet*. We now so hold.

■ The district court's rejection of Adams's allegation that the defendant acted maliciously transcends the proper scope of a *Spears* hearing. "[T]he most important consideration in a § 1915(d) credibility assessment is the inherent plausibility of a prisoner's allegations based on objective factors...." *Cay v. Estelle*, 789 F.2d 318, 326 (5th Cir.1986). Adams alleged an episode of brutality: that the guard smashed his fingers out of malice, a scenario that was not inherently implausible. The

*Spears* hearing is not a trial on the merits; it is in the nature of an amended complaint or a more definite statement. *Spears v. McCotter*, 766 F.2d 179, 181–82 (5th Cir. 1985).

Adams's allegations advance a significant injury resulting from the defendant's use of excessive force that was objectively unreasonable and done for the sole purpose of inflicting unnecessary pain. The allegations are thus not frivolous, and the district court erred in so finding.

REVERSED.

---

**2.** In addition, Johnson, a free citizen, also was "disabled" from his employment for about two weeks as a result of this injury. 876 F.2d at 478.