**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 2 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JOSE M. ESCOBAR,

     Plaintiff-Appellant,

v.

ARISTEDES ZAVARAS, DONICE
NEAL, GARY WATKINS, J. EARLY,
R. RODENBECK, and
A. MONTOYA,

     Defendants-Appellees.

No. 97-1303
(D.C. No. 96-M-107)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BALDOCK**, **EBEL**, and **MURPHY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff, who is in the custody of the Colorado Department of Corrections, commenced a pro se civil rights action pursuant to 42 U.S.C. § 1983 alleging violation of his Eighth Amendment, due process and equal protection rights, retaliation, and intentional infliction of emotional distress. The magistrate judge recommended that defendants' motion for summary judgment be denied as to the Eighth Amendment, retaliation, and emotional distress claims. After reviewing the magistrate judge's recommendation de novo, the district court disagreed with the recommendation and granted summary judgment in favor of defendants on all claims. Plaintiff appealed. We vacate and remand for further proceedings.

## I. Background

In his complaint, plaintiff alleged that he had made several requests that defendants Rodenbeck and Montoya, prison guards, refrain from slamming his tray slot with excessive and unnecessary force and making racial comments to him. According to plaintiff, defendant Montoya indicated to plaintiff that he slammed the tray slot because plaintiff complained about him to his superiors and filed law suits against prison employees. Plaintiff further alleged that after defendant Rodenbeck "crumbled" a picture of plaintiff's fiancé and threw it to the floor, plaintiff felt much emotional pain and anguish. See R. tab 3 at 5-6. About ten minutes after this incident, plaintiff asked defendant Rodenbeck why he had destroyed the picture. At the time, plaintiff was on his knees in his cell holding

onto the tray slot with his little finger between the tray slot and the door. See id. at 5. Defendant Rodenbeck allegedly told plaintiff that he could now "snitch" on defendant Rodenbeck and proceeded to slam "the tray slot on the plaintiff[']s little finger, tearing a piece of flesh from it and breaking a bone in the finger." Id. at 5-6, 11. Defendant Rodenbeck also allegedly informed plaintiff that he was trying to break plaintiff's hand in order to stop him from filing law suits. See id. at 6.

In his first claim for relief, plaintiff contended that defendant Rodenbeck violated his "right to be free from cruel and unusual punishment by knowingly, deliberately and intentionally caus[ing] injury and harm to the plaintiff by breaking and smashing his finger." Id. at 7. Furthermore, he maintained that defendants Rodenbeck and Montoya maliciously, sadistically, and for no reason caused him pain and suffering. Plaintiff's second claim for relief alleged due process and equal protection violations based on the above facts.[1] See id. at 8-9. In his third claim for relief, plaintiff alleged defendants Rodenbeck and Montoya caused him physical pain in retaliation for filing law suits and bringing their

---

[1] In his second claim for relief, plaintiff also alleged racial discrimination and demotion from security level III to security level II without due process. See R. tab 3 at 8-9. The district court ruled against plaintiff on these allegations. Plaintiff's mere mention of them in his reply brief on appeal is insufficient for our consideration. See Coleman v. B-G Maintenance Management of Colo., Inc., 108 F.3d 1199, 1205 (10th Cir. 1997).

alleged misconduct to the attention of their superiors. See id. at 9-10. Plaintiff's fourth claim asserted that defendants caused him mental and emotional distress by their actions. See id. at 10-11.

First, the magistrate judge recommended dismissal of defendants Zavaras, Neal, Watkins, and Early for lack of personal participation. See id. tab 67 at 2-3. The magistrate judge recommended denial of defendants' motion for summary judgment on the Eighth Amendment claim due to a disputed issue of material fact: whether defendant Rodenbeck acted with deliberate indifference in slamming the tray slot door on plaintiff's finger causing it to break. See id. at 3-4. The magistrate judge determined the other instances of defendants Rodenbeck and Montoya slamming the tray slot door and use of racial epithets were not constitutional violations. See id. at 4. With regard to the claim of retaliation, the magistrate judge recommended denial of summary judgment based on plaintiff's allegation that defendant Rodenbeck's actions of crumpling the picture of plaintiff's fiancé and slamming the tray slot door on plaintiff's finger were done in retaliation for his filing of law suits. See id. at 6. The magistrate judge recommended that summary judgment be granted in favor of defendant Montoya, however, because plaintiff alleged no facts to support a claim of retaliation by him. See id. Additionally, the magistrate judge determined summary judgment was not appropriate on the intentional infliction of mental and emotional distress

claim since plaintiff met the threshold to overcome a motion for summary judgment on his Eighth Amendment claim. See id. at 6-7.

Upon de novo review, the district court determined plaintiff failed to show a triable claim for cruel and unusual punishment. See id. tab 73 at 2. Without explanation, the court rejected plaintiff's contention of a broken finger allegedly caused by defendant Rodenbeck with the intent to inflict pain and suffering. See id. Additionally, the district court concluded any claim of mental and emotional injury from other conduct of defendant Rodenbeck was not protected by due process and equal protection guarantees and was barred by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(e), which requires the showing of a physical injury before a prisoner may bring an action for mental or emotional injury. See R. tab 73 at 2. The district court decided the broken finger was not an injury connected with the mental and emotional distress claim. See id.

## II. Standard of Review

We review a district court's grant of summary judgment de novo, viewing the evidence in the light most favorable to the nonmovant. See Seymore v. Shawver & Sons, Inc., 111 F.3d 794, 797 (10th Cir.), cert. denied, 118 S. Ct. 342 (1997). Summary judgment is appropriate only if there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law. See id.

III.  Discussion of Merits

A.  Eighth Amendment

We disagree with the district court's determination that plaintiff did not assert a triable Eighth Amendment claim.  The unnecessary and wanton infliction of pain by a prison official is prohibited by the Eighth Amendment.  See <u>Whitley v. Albers</u>, 475 U.S. 312, 319-21 (1986).

The district court failed to specifically indicate why it rejected the magistrate judge's determination that there was a genuine issue of material fact with regard to this Eighth Amendment claim.[2]  It appears that the district court

---

[2]     The magistrate judge determined that there was a genuine issue of material fact whether defendant Rodenbeck acted with deliberate indifference.  The unnecessary and wanton infliction of pain required for an Eighth Amendment violation "varies according to the nature of the alleged constitutional violation." See <u>Hudson v. McMillian</u>, 503 U.S. 1, 5 (1992).  The deliberate indifference standard applies, for example, when a prisoner alleges that prison officials did not attend to serious medical needs.  See <u>id.</u> at 5-6 (recognizing that providing medical care does not compete with administrative concerns).  In a prison disturbance context, however, the deliberate indifference standard does not apply. Rather, the relevant inquiry is whether force was applied in good faith to maintain or restore discipline or maliciously and sadistically with the intent to cause harm. See <u>id.</u> at 6-7 (citing <u>Whitley</u>, 475 U.S. at 320-21).

    We conclude the magistrate judge incorrectly suggested that the deliberate indifference standard applied.  Instead, because plaintiff alleges excessive force in violation of the Eighth Amendment, the proper standard is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." <u>Id.</u>  Although the standard is different than the one suggested by the magistrate judge, plaintiff's allegations are still sufficient to assert a genuine issue of material fact.

-6-

may have believed that a broken finger was not a sufficient injury for an Eighth Amendment claim. See R. tab 73 at 2 ("The only physical injury claimed to have resulted from the conduct of any of the defendants is the allegation that [plaintiff] sustained a broken finger when [defendant] Rodenbeck slammed the tray slot door closed on the plaintiff's hand. . . . Contrary to the view expressed in the recommendation, the plaintiff has failed to show that there is a triable claim for cruel and unusual punishment."). If this was the basis for the district court's decision, we disagree. Significant physical injury is not required. See Hudson v. McMillian, 503 U.S. 1, 10 (1992) (bruises, swelling, loosened teeth, and cracked dental plate are not de minimis injuries); Mitchell v. Maynard, 80 F.3d 1433, 1440 (10th Cir. 1996) (plaintiff sustained cuts, bruises, swollen hand, and possible broken fingers from beating by guards); Northington v. Jackson, 973 F.2d 1518, 1523 (10th Cir. 1992) (significant physical injury not required because constitutional inquiry focuses on whether there was infliction of pain that was unnecessary and wanton); Adams v. Hansen, 906 F.2d 192, 194 (5th Cir. 1990) (allegation that guard smashed plaintiff's fingers in door of small opening in cell door and fingers were lacerated and needed stitches was sufficient allegation of significant injury).

Plaintiff alleged his broken finger was caused by defendant Rodenbeck's deliberate, intentional, malicious, and sadistic conduct and provided facts to

support this allegation. To the contrary, defendant Rodenbeck argued in the summary judgment motion that his actions, at most, were negligent. See R. tab 48 at 8. Because there is an issue of fact concerning this Eighth Amendment claim, we vacate the grant of summary judgment and remand to the district court for further proceedings.

## B. Mental and Emotional Distress

The district court rejected any claims of mental and emotional distress not related to the broken finger on the ground that defendant Rodenbeck's conduct did not violate due process and equal protection guarantees and that any claims are barred by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(e). On appeal, plaintiff argues that his mental and emotional distress arose from the broken finger, and he should have alleged only one claim rather than both Eighth Amendment and mental and emotional distress claims. Plaintiff's pro se complaint should be liberally construed, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972), as asserting that he suffered emotional and mental distress due to the injury to his finger.[3] See R. tab 3 at 10-11. We, therefore, conclude the district court erred in granting summary judgment on the mental and emotional

---

[3] To the extent plaintiff claims any emotional and mental distress due to racial epithets, we agree with the district court that there was no constitutional violation. See Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979) (verbal abuse is not constitutional violation actionable under § 1983).

distress claim.[4]  Accordingly, we remand to the district court to consider the mental and emotional distress claim along with the Eighth Amendment claim in the first instance.  Cf. Miller v. Glanz, 948 F.2d 1562, 1568 (10th Cir. 1991) (if plaintiff's Eighth Amendment rights were violated he potentially may recover for emotional distress).

## C.  Retaliation

The magistrate judge recommended that summary judgment be denied as to the retaliation claim against defendant Rodenbeck.  Although the district court indicated that it had reviewed the case de novo, it failed to address this recommendation in its order granting summary judgment relief.  Accordingly, we remand for the district court to address this claim.  See R. Eric Peterson Constr. Co. v. Quintek, Inc. (In re R. Eric Peterson Constr. Co.), 951 F.2d 1175, 1182 (10th Cir. 1991) (appropriate to remand to district court to consider issue in first instance).

## IV.  Appointment of Counsel

Plaintiff argues in his reply brief on appeal that the district court erred in refusing to appoint counsel.  The magistrate judge, citing 28 U.S.C. § 1915(d) and

---

[4]  Because we conclude the mental and emotional distress claim relates to the Eighth Amendment claim alleging physical injury, we need not consider whether the Prison Litigation Reform Act applies.

Mallard v. United States District Court, 490 U.S. 296 (1989), denied appointment of counsel on the grounds that counsel cannot be appointed in this type of case. See R. tab 43.

Mallard is not dispositive of the issue. While it is true that § 1915(d) does not authorize the district court to require an attorney to represent an indigent defendant in a civil case, see Mallard, 490 U.S. at 305, it does allow the court to make an appropriate request that legal assistance be provided, see id. at 308. The district court did not make such a request on plaintiff's behalf. Plaintiff presumably now argues that the failure to make such a request was error.

The decision whether to request counsel for an indigent inmate under § 1915(d) is within the sound discretion of the district court. See Bee v. Utah State Prison, 823 F.2d 397, 399 (10th Cir. 1987). Denial of counsel should not be overturned absent a denial of fundamental fairness impinging on due process rights. See Long v. Shillinger, 927 F.2d 525, 527 (10th Cir. 1991) (citing Maclin v. Freake, 650 F.2d 885, 886 (7th Cir. 1981)). In deciding whether to appoint counsel, "the district court should consider a variety of factors, including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." Id.; see also Rucks v. Boergermann, 57 F.3d 978, 979

(10th Cir. 1995) (if plaintiff presents colorable claim, district court should consider nature of factual issues and ability of plaintiff to investigate facts).

The district court did not discuss these factors. We decline to first independently consider the request for appointment of counsel. See id. (court of appeals "may" independently examine propriety of request for counsel). Instead, in light of our decision to remand on three substantive issues, we also remand for the district court to consider the relevant factors and address plaintiff's request for appointment of counsel. We suggest no outcome on remand.

## V. Discovery

Plaintiff also argues in his reply brief that the district court erred in failing to grant further time for discovery. We do not address this issue as plaintiff may again request an opportunity for further discovery in the district court.

The judgment of the United States District Court for the District of Colorado is VACATED as to the issues considered in this appeal. The action is REMANDED for further proceedings. The mandate shall issue forthwith.

Entered for the Court


Michael R. Murphy
Circuit Judge

-11-