IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-60556
Summary Calendar

_____

RAYFIELD JOHNSON,

Plaintiff-Appellant,

versus

FORREST COUNTY SHERIFF'S DEPARTMENT;
BILLY MAGEE, Sheriff,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:96-CV-291-PG
--------------------
February 15, 2000

Before DAVIS, EMILIO M. GARZA and DENNIS, Circuit Judges.

PER CURIAM:[*]

Rayfield Johnson, Mississippi prisoner No. RO955, appeals the district court's dismissal of a complaint challenging a Forrest County Jail policy which prohibits inmates from receiving magazines by mail. Johnson argues that the jail's policy is overbroad because it violates his First Amendment right to receive religious materials.

Prisoners retain only those First Amendment rights of speech that are consistent with their status as prisoners or with the legitimate penological objectives of the prison. Hudson v.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Palmer, 468 U.S. 517, 523 (1984). Regulations affecting the sending of publications to prisoners are scrutinized to determine whether they are "'reasonably related to legitimate penological interests.'" Thornburgh v. Abbott, 490 U.S. 401, 404 (1989) (quoting Turner v. Safley, 482 U.S. 78, 89 (1987)). Federal courts look to whether the challenged regulation is logically connected to the legitimate government interests invoked to justify it; whether alternative means of exercising the restricted rights remain open to inmates; what impact accommodation of the asserted constitutional right would have on other inmates, guards, and prison resources; and the presence or absence of reasonable but less restrictive alternatives. See Turner, 482 U.S. at 89-91; Chriceol v. Phillips, 169 F.3d 313, 316-17 (5th Cir. 1999). Legitimate penological interests include security, order, and rehabilitation. Procunier v. Martinez, 416 U.S. 396, 413 (1974); Adams v. Gunnell, 729 F.2d 362, 367 (5th Cir. 1984).

Sheriff Magee cited the following reasons in support of Forrest County's ban on inmates' receipt of magazines and newspapers: the danger of fire; the possibility that inmates could use magazine pages to stop toilets; and the potential for messy cells. A blanket ban on newspapers and magazines on the basis that they constitute a fire hazard or pose a threat to plumbing violates the First Amendment. Mann v. Smith, 796 F.2d 79, 82-83 (5th Cir. 1986). Thus, we hold that the jail's blanket prohibition on the receipt of magazines and publications by mail is not a legitimate penological regulation.

Although Johnson never formally moved to amend his pleadings to raise a claim of retaliation, before the defendants filed a responsive pleading, Johnson clearly informed the district court that jail employees had retaliated against him by tampering with his mail.  Under the principles of liberal construction accorded pro se litigants,[**] the district court should have construed Johnson's statements at a Spears[***] hearing and in his motion to reinstate the complaint as an attempt to amend his complaint to allege a claim of retaliation.  See Adams v. Hansen, 906 F.2d 192, 196 (5th Cir. 1990); FED. R. CIV. P. 15(a).  On remand, the district court is directed to allow Johnson an opportunity to amend his pleadings to state a claim of retaliation.

For the foregoing reasons, the order of dismissal is vacated and the case is remanded for proceedings consistent with this opinion.

VACATED AND REMANDED.

---

[**]Haines v. Kerner, 404 U.S. 519, 520 (1972).

[***] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).