IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-50826
Summary Calendar

_____

SONYA L. CHAPMAN,

Plaintiff-Appellant,

versus

GARY L. JOHNSON, DIRECTOR, TEXAS
DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION; LINDA AMENT;
RANDOLPH T. MCVEY; W. HODGE; R. PACE,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-98-CV-33
- - - - - - - - - -
February 28, 2000

Before KING, Chief Judge, and JOLLY and PARKER, Circuit Judges.

PER CURIAM:[*]

Sonya Lashawn Chapman, Texas prisoner # 544798, appeals the district court's dismissal of her 42 U.S.C. § 1983 civil rights complaint for failure to state a claim upon which relief could be granted.

Chapman contends that the district court violated her right to the due process of law by adopting the magistrate judge's report and recommendation and dismissing her § 1983 complaint without conducting a de novo review of her claims.  The district

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court stated that de novo review was required. The record does not indicate that the district court did not conduct a de novo review of Chapman's claims, and Chapman advances neither evidence nor specific factual allegations in support of her argument that the court failed to conduct a proper review. Her argument is without merit. See Longmire v. Guste, 921 F.2d 620, 623 (5th Cir. 1991).

Chapman also argues that the district court erred in dismissing her § 1983 complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) without giving her notice of its intention to dismiss her case or an opportunity to amend her complaint. Chapman's was given an opportunity to sufficiently develop her § 1983 complaint at a hearing held pursuant to Spears v. McCotter, 766 F.2d 179, 181-82 (5th Cir. 1985). Her argument is without merit. See Adams v. Hansen, 906 F.2d 192, 194 (5th Cir. 1990); Jacquez v. Procunier, 801 F.2d 789, 793 (5th Cir. 1986). Chapman has not shown that the district court erred in dismissing her § 1983 complaint. Accordingly, the district court's order is AFFIRMED.

Chapman has also filed a flurry of motions in this court requesting (1) immediate injunctive relief from the deliberate misuse of authority by officers at the Lane Murray Unit; (2) a transfer out of the Lane Murray Unit; (3) a change in her custodial classification; (4) leave to file a supplemental appellate brief; (5) leave to supplement the record on appeal; (6) and the appointment of counsel on appeal. Chapman has not demonstrated that she is entitled to the relief she requests.

Her motions are DENIED.