United States Court of Appeals
Fifth Circuit

**F I L E D**

April 14, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-41075
Summary Calendar

_____

FRANK HENRY LEE,

Plaintiff-Appellant,

versus

GARY HENNIGAN, Sheriff, Tyler County Texas;
TYLER COUNTY TEXAS; UNIDENTIFIED UNIDENTIFIED,
Safety Officer, Jail Administrator;
UNIDENTIFIED UNIDENTIFIED, Safety Officer, Chief Jailer,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:02-CV-77
--------------------

Before JOLLY, WIENER, and PICKERING, Circuit Judges.

PER CURIAM:[*]

Frank Henry Lee, Texas prisoner # 1010741, pro se, appeals the dismissal pursuant to 28 U.S.C. § 1915A(b)(1) of his 42 U.S.C. § 1983 claims. He argues that the magistrate judge abused her discretion in holding an evidentiary hearing under Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). A Spears hearing is "in the nature of an amended complaint or a more definite statement."

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

See <u>Adams v. Hansen</u>, 906 F.2d 192, 194 (5th Cir. 1990). It is a primary method for remedying inadequacy in prisoner pleadings to "bring into focus the factual and legal basis of prisoner's claims." <u>Eason v. Faler</u>, 14 F.3d 8, 9 (5th Cir. 1994) (internal quotation marks and citations omitted). Plaintiff argues that because he paid his filing fee that a <u>Spears</u> hearing should not have been conducted. Section 1915A "applies regardless . . . whether the plaintiff has paid a filing fee or is proceeding [IFP]." <u>Ruiz v. United States</u>, 160 F.3d 273, 274 (5th Cir. 1998). It was not improper for the magistrate judge to conduct a <u>Spears</u> hearing.

Lee contends that the district court erred in dismissing his claim that the defendants violated his constitutional rights by maintaining unsafe shower facilities at the Tyler County Jail. Interpreting Lee's complaint liberally the Court will consider it as a "condition-of-confinement" claim rather than a claim involving an episodic act or omission. See <u>Scott v Moore</u>, 114 F.3d 51, 53 (5th Cir. 1997) (en banc). Thus, a constitutional violation exists if it is found "that the condition of confinement is not reasonably related to a legitimate, non-punitive governmental objective." <u>Id</u>. Plaintiff testified that he did not believe that the defendants intentionally designed the shower so as to cause accidents by the inmates. Lee has not alleged that the shower design or practice of rigging the showers amounted to punishment. See <u>Scott</u>, 114 F.3d at 53. "[A]

constitutional violation exists if [it is found] that the condition of confinement is not reasonably related to a legitimate, non-punitive governmental objective." Id. Lee does not allege that the shower design is punitive and not reasonably related to a legitimate governmental objective; thus, the dismissal of his claim based on the showers should be affirmed. See Bell v. Wolfish, 441 U.S. 520, 537, 539 (1979). The fact that a detention interfered with a prisoner's desire to live as comfortably as possible does not convert the conditions of confinement into punishment. Id.

Lee argues that the defendants were deliberately indifferent to his serious medical needs. To establish liability, a pretrial detainee must "show that a state official acted with deliberate indifference to a substantial risk of serious medical harm and that injuries resulted." See Wagner v. Bay City, Tex., 227 F.3d 316, 324 (5th Cir. 2000). Lee's allegations do not suggest that the defendants "acted with deliberate indifference to a substantial risk of serious medical harm and that injuries resulted." Id. The fact that the defendants gave Lee Tylenol contravenes his allegations of indifference. Further, the treatment remained basically the same after he was seen by a physician. The physician continued him on pain medication and nothing more. Petitioner has failed to allege facts that would sustain a claim of deliberate indifference.

AFFIRMED.