**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**July 20, 2004**

Charles R. Fulbruge III
Clerk

**REVISED OCTOBER 13, 2004**

**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

———————

No. 03-40977

———————

JUAN CHAVARRIA,

Plaintiff - Appellant,

versus

DAVID STACKS, Warden; RICHARD ALFORD, Major;
HERBERT KIRTPATRICK, Guard,

Defendants - Appellees.

Appeals from the United States District Court
For the Eastern District of Texas
USDC No. 9:02-CV-294

Before KING, Chief Judge, and REAVLEY and EMILIO M. GARZA, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:[*]

Texas prisoner Juan Chavarria appeals the district court's dismissal of his 42 U.S.C. § 1983

suit as frivolous and for failure to state a claim under 28 U.S.C. § 1915A.  Chavarria appeals only

---

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the denial of his claim that the constant illumination of his cell deprives him of sleep, violating his rights under the Eighth Amendment.

Chavarria has been confined to administrative segregation (a section of the prison reserved for the most dangerous prisoners) in the Eastham Unit of the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID") since April 2000. He alleges that bright fluorescent lights and light bulbs completely illuminate his cell twenty-four hours a day. He asserts that he cannot sleep because of these lights. Chavarria submitted two written grievances with the prison regarding the lighting, specifically explaining that the lighting was causing him to lose sleep. Chavarria also alleges that he met with Major Richard Alford in response to a hunger strike protesting the lighting. Alford informed Chavarria that it was necessary to keep the lights on for security reasons. When Chavarria suggested that the lights could be dimmed during the night and turned up by the guards when they passed by to inspect the cells, Alford noted that such a practice would be even more disruptive of sleep. Alford accordingly denied the request to change the lighting.

Chavarria's subsequent *pro se* lawsuit alleging that the constant illumination of his cell constitutes cruel and unusual punishment violating the Eighth and Fourteenth Amendment was referred to a magistrate judge by the district court. The magistrate judge conducted all proceedings in this case pursuant to the parties' consent under 28 U.S.C. § 636(c). The magistrate judge granted Chavarria's motion to proceed *in forma pauperis* ("IFP") and withheld service of process subject to screening under 28 U.S.C. § 1915A. An evidentiary hearing was conducted pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). At the hearing, Chavarria testified that the strong lights caused him to see lights, shadows, and spots. Warden Jason Heaton, from the Michael Unit of the TDCJ-CID, testified that the lights in his unit were kept on all night to permit guards to see inside the

cells for security checks. At his unit, however, the lights were dimmed at night when not making a security check or conducting a count. Chavarria then informed the magistrate judge that this was not the practice at Eastham but he was requesting that a similar policy be followed.

The magistrate judge found that, although sleep constitutes a basic human need, Chavarria had not shown a deprivation rising to the level of an Eighth Amendment violation because there was no evidence he made complaints to medical personnel about lack of sleep and because the policy was a reasonable security measure. The magistrate judge dismissed the claim as frivolous because the complaint lacked any arguable basis in law and failed to state a claim upon which relief may be granted.

The district court is empowered to dismiss a complaint filed by a prisoner against an officer or employee of a governmental entity if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. §1915A(b)(1). A complaint is legally frivolous when it is based on an indisputably meritless legal theory. *See Nietzke v. Williams*, 490 U.S. 319, 325 (1989). Under § 1915A, we review a dismissal as frivolous for abuse of discretion. *See Martin v. Scott*, 156 F.3d 578 (5th Cir. 1998).[1] This Court may affirm on any basis supported by the record. *See Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir.1998).

We begin by recognizing that while the Constitution does not mandate comfortable prisons, it does not permit inhumane ones. *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999). The conditions under which a prisoner is confined are subject to scrutiny under the Eighth Amendment,

---

[1]Subsequent panel decisions have reviewed dismissals of a claim as frivolous under § 1915A *de novo*. *See Ruiz v. United States*, 160 F.3d 273, 274-75 (5th Cir. 1998); *Velasquez v. Woods*, 329 F.3d 420, 421 (5th Cir. 2003). When panel opinions are in conflict, the earlier decision controls. *Martin* was decided three months prior to *Ruiz*; accordingly, *Martin* and the abuse of discretion standard of review controls.

which prohibits the unnecessary and wanton infliction of pain. *See Rhodes v. Chapman,* 452 U.S. 337, 347 (1981). A two-part test determines whether a prisoner has established a constitutional violation. *Harper,* 174 F.3d at 719. First, there is an objective requirement to demonstrate conditions "so serious as to deprive prisoners of the minimal measure of life's necessities," as when the prisoner is denied "some basic human need." *Woods v. Edwards,* 51 F.3d 577, 581 (5th Cir. 1995); *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Second, under a subjective standard, it must be shown that the responsible prison officials acted with deliberate indifference to the prisoner's conditions of confinement. *Woods,* 51 F.3d at 581. "The second requirement follows from the principle that only the *unnecessary* and wanton infliction of pain implicates the Eighth Amendment." *Farmer*, 511 U.S. at 834 (internal quotation marks and citations omitted) (emphasis added). Accordingly, while conditions of confinement that constitute severe deprivations without penological justification violate a prisoner's rights under the Eighth Amendment, a prison regulation that infringes upon a prisoner's constitutional rights will be upheld if it is reasonably related to legitimate penological interests. *See Rhodes,* 452 U.S. at 347*; Talib v. Gilley*, 138 F.3d 211, 214 (5th Cir. 1998). Moreover, prison officials are not required to adopt the policy least restrictive of prisoners' rights, so long as the policy itself is reasonable. *Talib,* 138 F.3d at 215 n.4.

This court has recognized that sleep constitutes a basic human need. *Harper*, 174 F.3d at 720. Even assuming *arguendo* that Chavarria has alleged conditions leading to a sleep deprivation sufficiently serious to be cognizable under the Eighth Amendment,[2] Chavarria cannot establish an

---

[2]It is, however, far from clear that Chavarria has alleged a harm cognizable under the Eighth Amendment. Although sleep is a basic human need, only conditions sufficiently serious as to deprive a prisoner of the minimal civilized measure of life's necessities are cognizable under the Eighth Amendment. *See Woods v. Edwards,* 51 F.3d 577, 581 (5th Cir. 1995). Here, Chavarria asserted that he only gets between "30 to 35 hours per day" of sleep. It is unclear from this apparent typo

Eighth Amendment violation because he cannot show that his deprivation is unnecessary and wanton. According to Chavarria, he was told by defendant Major Alford that the lights were kept on in the administrative segregation area for security reasons to prevent guards being assaulted by an inmate in a dark cell. A policy of dimming the lights at night and brightening them each time the guards passed by the cell would be even more disruptive to inmate sleep and thus was not an alternative that would fully accommodate the prisoner's right to sleep. *See Turner v. Safley*, 482 U.S. 78, 91 (1987) ( "[A]n alternative that fully accommodates the prisoner's rights at de minimis cost to valid penological interests may indicate a regulation is not reasonable"). The policy of constant illumination is thus reasonably related to the legitimate penological interest of guard security.[3]

---

how much sleep Chavarria actually gets, and thus whether he has been deprived of the minimal measure of life's necessities is indeterminate. Moreover, we question whether Chavarria has alleged conditions serious enough to cause sleep deprivation. However, because we are reviewing this case under §1915A, we assume without deciding that the conditions alleged by Chavarria are sufficient to satisfy the non-frivolous threshold at this stage of the proceedings.

[3]Although other courts have found that there is no legitimate penological justification in constant illumination, these cases were premised on the notion that the defendants offered no reason why the cells could not have switches outside so that the guards might see in when they needed to. *See Keenan v. Hall*, 83 F.3d 1083, 1090-91 (9th Cir. 1996); *LeMaire*, 745 F. Supp. 623, 626 (D.Or.1990). "[I]f an inmate claimant can point to an alternative that fully accommodates the prisoner's rights at de minimis cost to valid penological interests, a court may consider that as evidence that the regulation does not satisfy the reasonable relationship standard." *Turner v. Safley*, 482 U.S. 78, 91 (1987). Here, however, the prison officials offered a reason why the cells could not have lights on the outside: they contend that it would be just as disruptive to sleep to have the lights turned on and off repeatedly during the night. We accept the judgment by the prison officials that turning bright lights on only when needed would be as disruptive because "[w]e will not . . .subject[] the day-to-day judgments of prison officials to intrusive second-guessing." *Talib v. Gilley,* 138 F.3d 211, 215 (5th Cir. 1998). The alternative suggested by Chavarria would not fully accommodate prisoners rights. Accordingly, under these circumstances, there is a legitimate penological justification for the constant illumination policy. *Accord Shepherd v. Ault*, 982 F. Supp. 643, 647 (N.D. Iowa 1997) ("[W]hether constant lighting serves a legitimate penological purpose depends upon the circumstances of the case.").

Accordingly, the enforcement of the policy does not violate the Eighth Amendment. *See Talib*, 138 F.3d at 214. Because the policy of 24-hour illumination does not violate the Eighth Amendment, Chavarria's complaint about the policy is based upon an indisputably meritless legal theory. The magistrate judge's determination that Chavarria's lawsuit was frivolous was correct.

AFFIRMED.

REAVLEY, Circuit Judge, Specially Concurring:

I concur with the affirmance, but in the judgment only.  But with deference to those who are concerned about Mr. Chavarria's illuminated cell, I regard this judicial attention as much ado about nothing.  A little cloth over his eyes would solve the problem, negate deprivation, and escape this exercise in frivolity.

KING, Chief Judge, dissenting:

Even though this court has recognized that sleep is a basic human need, the denial of which can violate the Eighth Amendment, this court today decides that a prisoner's allegation that he is being deprived of sleep is frivolous--i.e., based on an "indisputably meritless legal theory." Berry v. Brady, 192 F.3d 504, 507 (5th Cir. 1999) (emphasis added) (citation and internal quotation marks omitted). I would hold that the magistrate judge abused his discretion in dismissing Chavarria's claim as frivolous, vacate the district court's dismissal for failure to state a claim, and remand for further proceedings. Accordingly, I respectfully dissent.

Prison conditions deprive an inmate of "the minimal civilized measure of life's necessities"--the first element of a conditions-of-confinement claim--when those conditions deny him "some basic human need." Woods v. Edwards, 51 F.3d 577, 581 (5th Cir. 1995) (per curiam); accord Harper v. Showers, 174 F.3d 716, 720 (5th Cir. 1999). In Harper, this court declared that "sleep undoubtedly counts as one of life's basic needs." 174 F.3d at 720. There, the district court had dismissed the plaintiff's complaint as frivolous, and we reversed, explaining that "[c]onditions designed to prevent sleep . . . might violate the Eighth Amendment." Id. If, therefore, Chavarria's complaint alleges a "denial" of--i.e., a serious deprivation of--the basic need of sleep, his Eighth Amendment claim is certainly not based on an "indisputably

-8-

meritless legal theory."

Liberally construed, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam), Chavarria's complaint alleges a denial of sleep resulting from the bright lights that unceasingly illuminate his cell. Specifically, according to Chavarria, a total of six lights, three of them with fluorescent bulbs, shine into his cell twenty-four hours per day. There is no place, he says, where he can gain a respite from the strong lighting; even the area under his bed is well lit. Chavarria further avers that this practice of illuminating his cell at all times prevents him from getting sufficient sleep. He alleges that he "must sit and take the light rays all night long until[] sleep will outweigh[] the light and he will fall asleep."[4]

---

[4] Chavarria's complaint also states that "[a]fter 16 Months under this kind of punishment sleep would now comes to the plaintiff only every 30 to 35 Hours per day [sic]." Judge Garza interprets this allegation as follows: "Chavarria asserted that he only gets between '30 to 35 hours per day' of sleep." Garza op. at 4 n.2. Ignoring our obligation to construe pro se pleadings liberally, see Haines, 404 U.S. at 520-21, Judge Garza then concludes that this "apparent typo" in the complaint prevents us from determining whether Chavarria has alleged a deprivation cognizable under the Eighth Amendment. But a reasonable reading of this sentence, in the context of the entire complaint, is that Chavarria goes without sleep for thirty to thirty-five hours at a time due to the illumination of his cell. Moreover, we should keep in mind that this appeal comes at a preliminary stage of the proceedings; a Spears hearing on remand would be the appropriate time for the magistrate judge to ask Chavarria to clarify this factual allegation.

Judge Garza additionally questions "whether Chavarria has alleged conditions serious enough to cause sleep deprivation." Garza op. at 4 n.2. I, at least, do not feel qualified to opine that having bright lights shine onto one's face twenty-four hours per day could not interfere with a person's ability to sleep.

Chavarria's complaint also avers that his lack of sleep has resulted in adverse physical effects, for example, seeing "black spots and shadows that are in reality not there" and experiencing "headaches" and a feeling of "bugs jumping and clawing all over his body." Moreover, at the <u>Spears</u> hearing, Chavarria testified that the lights are "very bright" and "very strong" and that they hurt him and cause him to see "lights, and shadows, and spots." <u>See</u> <u>Eason v. Holt</u>, 73 F.3d 600, 602-03 (5th Cir. 1996) (explaining that a prisoner's testimony during a <u>Spears</u> hearing becomes part of his pleadings). Finally, according to his complaint, Chavarria has been subjected to this constant, strong illumination since April 2000--over four years. <u>See</u> <u>Hutto v. Finney</u>, 437 U.S. 678, 686-87 (1978) (recognizing that "the length of confinement cannot be ignored in deciding whether the confinement meets constitutional standards"). Considering these allegations, I cannot agree that Chavarria has failed to allege a deprivation of the basic need of sleep.

Next, I turn to the second element of Chavarria's conditions-of-confinement claim: deliberate indifference. To state a claim, a prisoner must aver that the defendant prison officials knew of the complained-of conditions and nevertheless disregarded them. <u>See</u> <u>Farmer v. Brennan</u>, 511 U.S. 825, 829, 837 (1994); <u>see also</u> <u>Harper</u>, 174 F.3d at 720. Chavarria states that both defendants, Warden Stacks and Major Alford, are aware of his objections to the constant illumination and that they have disregarded his concerns.

Thus, Chavarria's complaint adequately asserts that the defendants are acting "with deliberate indifference to his conditions of confinement." Harper, 174 F.3d at 720. Because he has alleged both that he is being deprived of the basic need of sleep and that the defendants are deliberately indifferent to the condition causing this deprivation, Chavarria's claim that the constant, bright lighting constitutes cruel and unusual punishment is, at the least, not indisputably meritless. Thus, in my view, the district court abused its discretion in dismissing the claim as frivolous, and reversal is required. Cf. id. at 720 & n.11.

Judge Garza's conclusion that Chavarria's allegations of deliberate indifference are frivolous rests on his determination that the alternative presented by Chavarria--dimming the lights at night and brightening them when the guards pass by--would disrupt the inmates' sleep more than the constant, bright lighting. From where does Judge Garza derive this hypothesis about the conditions that would best promote inmates' sleep? Not from the defendants, they were never served. The only representative of the Texas prison system who has been heard from in this case, Warden Heaton, testified at the Spears hearing that both his Unit and the Eastham Unit, where Chavarria is housed, generally follow the policy advocated by Chavarria--i.e., dimming the lights in the administrative-segregation area at night. Furthermore, the magistrate judge relied on Warden Heaton's testimony in dismissing Chavarria's suit, concluding that "a policy providing for

-11-

illumination permitting guards to see inside cells is a reasonable security measure, not a deliberate attempt to cause pain."[5] In sum, today's decision reflects the view of one appellate judge, and the basis for that view (that dimming the lights would be counterproductive) contradicts the factual premise underlying the positions of both the magistrate judge and the Texas prison system's representative (that the lights are, in fact, being dimmed).

In addition to holding (erroneously, in my view) that Chavarria's claim is legally frivolous, the magistrate judge concluded that his complaint fails to state a claim for which

_____

[5] We cannot affirm based on the magistrate judge's rationale because he apparently discredited Chavarria's testimony that the bright lights constantly shining into his cell are not dimmed at night. After Warden Heaton testified at the Spears hearing, Chavarria explained that he only wanted the defendants to follow a similar policy of dimming the lights at night so that he can sleep. The magistrate judge responded that, while a particular officer may fail to follow the policy, he believed Warden Heaton's testimony that the Eastham Unit has a policy of turning down the lights at night. Even if Warden Heaton had personal knowledge of the lighting practices at the Eastham Unit (where he does not work), the district court simply cannot resolve disputed issues of fact at a Spears hearing. See Adams v. Hansen, 906 F.2d 192, 194 (5th Cir. 1990) ("The district court's rejection of [the prisoner's] allegation that the defendant acted maliciously transcends the proper scope of a Spears hearing. . . . The Spears hearing is not a trial on the merits; it is in the nature of an amended complaint or a more definite statement."). Since Chavarria's factual assertions regarding the constant, bright lighting are not clearly baseless, Denton v. Hernandez, 504 U.S. 25, 32 (1992), the magistrate judge should have proceeded under the assumption that the lights on his cell are not being turned down at night. See id. at 32-33 ("[A] court may dismiss a claim as factually frivolous only if the facts alleged are 'clearly baseless,' a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" (citations omitted)).

-12-

relief can be granted.  I recognize that this determination, if correct, suffices to sustain the judgment of dismissal.[6]  But I do not believe that this preliminary stage in the proceedings is the appropriate time to resolve a question of first impression in this circuit regarding whether a prisoner deprived of sleep by bright lights directed into his cell can state an actionable claim under the Eighth Amendment.[7]  Section 1915A erects a screening process for prisoner suits and empowers a district court to dismiss suits that fail to state a claim for relief under applicable law.  Even so, I do not read § 1915A as mandating that a court decide, before the defendants have even been served, a res nova issue concerning the cognizability of a particular claim.[8]  I would therefore vacate the magistrate judge's § 1915A failure-to-state-a-claim dismissal

---

[6]     Nevertheless, I also observe that the distinction between frivolousness and failure to state a claim can be significant.  For example, a Texas prisoner who files two or more suits that are dismissed as frivolous loses portions of his good-conduct credits.  See TEX. GOV'T CODE ANN. § 498.0045 (Vernon Supp. 2004).

[7]     At least one other court of appeals has held that requiring inmates to live in constant illumination that deprives them of sleep violates the Eighth Amendment.  Keenan v. Hall, 83 F.3d 1083, 1090-91 (9th Cir. 1996).  Contrary to Judge Garza's description of Keenan, Garza op. at 5 n.3, that case does not rely on the defendants' failure to explain why the cells could not have light switches on the outside of them; nothing of the sort is mentioned in the opinion.  83 F.3d at 1090-91.

[8]     As Judge Garza recognizes, Garza op. at 5 n.3, the cases from other circuits involving complaints about twenty-four-hour lighting turn on the particular facts presented--such as the severity and duration of, and the defendants' justification (if any) for, the lighting--making a disposition at the pleading stage problematic.  Cf. Shepherd v. Ault, 982 F. Supp. 643, 645 (N.D. Iowa 1997) (denying the defendants' motion for summary judgment in a constant-illumination case and noting that "[v]arious courts have considered claims that continuous illumination of cells constituted a violation of prisoners' Eighth Amendment rights, with mixed results.  The reason for such mixed results on 'constant illumination' claims . . . is that such cases are fact-driven.").

of Chavarria's Eighth Amendment claim regarding the lighting of his cell. And I would direct the district court on remand to order service of process on Warden Stacks and Major Alford. Then, the district court would be in a better position to evaluate, in light of the guidance provided herein and with the benefit of adversary presentation, whether Chavarria has stated a claim for which relief can be granted.[9]

Accordingly, because this court has recognized the legal theory under which Chavarria proceeds, I respectfully dissent from the decision to affirm the district court's dismissal of his suit as frivolous. With a little more process, this case might well be decided against the prisoner. But it needs some lawyering before that happens, and, as the late Judge Alvin B. Rubin was given to saying, it wouldn't hurt to sprinkle it with a little due process.

---

[9] This could occur in one of three ways. As always, the defendants may file a motion to dismiss under Rule 12(b)(6). Alternatively, the Prison Litigation Reform Act provides the district court with two additional options for dismissing Chavarria's action sua sponte. Since Chavarria is proceeding in forma pauperis, 28 U.S.C. § 1915(e)(2)(B)(ii) authorizes dismissal for failure to state a claim at any time. Also, 42 U.S.C. § 1997e(c)(1) permits a district court to dismiss a § 1983 suit brought by prisoner "if the court is satisfied that the action . . . fails to state a claim upon which relief can be granted." See generally Grayson v. Mayview State Hosp., 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002) (elaborating on the relationship between §§ 1915A, 1915(e)(2), and 1997e(c)).