**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**July 27, 2006**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40682
Summary Calendar
_____

LARRY DWAYNE HIRSCH,

Plaintiff-Appellant,

versus

DAVID FORTNER, Physician Assistant, Powledge Unit;
KENNETH LOVE, MD, Powledge Unit; DR. UNIDENTIFIED GREZULA,
Orthro-Specialist, Galveston Hospital; WARDEN UNIDENTIFIED
BLEVINS, Warden, Powledge Unit,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:04-CV-42
--------------------

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Larry Dwayne Hirsch, former Texas prisoner # 1070146, appeals from the dismissal of his 42 U.S.C. § 1983 suit. See 28 U.S.C. § 1915A. Under § 1915A(b)(1), a district court is to review a prisoner's complaint and to dismiss the complaint if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted." § 1915A(b)(1). This court reviews

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

dismissals under § 1915A de novo.  See Geiger v. Jowers, 404 F.3d 371, 373 (5th Cir. 2005).

Hirsch argues that Physician Assistant Fortner, Dr. Love, Warden Blevins, Dr. Stovo, Dr. Reimer, and Dr. Murray were deliberately indifferent to his serious medical needs.  Hirsch has failed to demonstrate that the defendants were deliberately indifferent to a serious medical need.  See Domino v. Texas Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001).  To the extent that Hirsch sued Dr. Love, Warden Blevins, Dr. Stovo, Dr. Reimer, and Dr. Murray in their supervisory capacities, Hirsch has not shown the defendants' personal involvement in a constitutional deprivation.  See Thompkins v. Belt, 828 F.2d 298, 303-04 (5th Cir. 1987).

Hirsch argues that the magistrate judge prevented him from filing an amended complaint.  A Spears[**] hearing is "in the nature of an amended complaint or a more definite statement." Adams v. Hansen, 906 F.2d 192, 194 (5th Cir. 1990).  At the Spears hearing, the magistrate judge allowed Hirsch to amend his complaint orally, which he did, adding three defendants.  Hirsch does not suggest that he attempted to file an amended complaint after the hearing.  Hirsch also argues that the magistrate judge should have appointed a medical expert prior to dismissing his claims, but Hirsch has not demonstrated that expert testimony was warranted prior to the dismissal as frivolous under § 1915A.

---

[**] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

Hirsch does not challenge the district court's order, stayed pending appeal, severing and transferring his claims against Dr. Grezula. By failing to address the district court's order severing and transferring his claims against Dr. Grezula, Hirsch has abandoned the issue for purposes of appeal. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993); see also Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Accordingly, the judgment of the magistrate judge is AFFIRMED. Any other requested relief is DENIED.