United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 26, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-41099
Summary Calendar
_____

RICHARD OWEN TAYLOR,

                              Plaintiff-Appellant,

versus

LESLIE WOODS; KEVIN E. MOORE; MICHAEL W. SIZEMORE; ETHAN
A. WESTFALL; DEVERY MOONEYHAM; ET AL.,

                              Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:04-CV-380
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Richard Owen Taylor, Texas prisoner # 816002, filed a
42 U.S.C. § 1983 complaint alleging that he was (1) subjected to
unconstitutionally cold, wet, and, alternately, hot living
conditions; (2) exposed to extreme water temperatures in the
prison showers; (3) exposed to unsanitary conditions in his cell
and in the showers; and (4) deprived of medically necessary
snacks.  The district court dismissed those claims as frivolous.
Taylor also alleged that he was unconstitutionally deprived of

--------------------

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his personal photographs. The district court dismissed this claim because Taylor had an adequate state postdeprivation remedy.

To demonstrate an Eighth Amendment violation, a prisoner must show that he was deprived of the minimal civilized measure of life's necessities or some basic human need. Farmer v. Brennan, 511 U.S. 825, 834 (1994). He must also show that prison officials knew of and disregarded "an excessive risk to inmate health or safety." Id. at 837. "Prisoners have a right to protection from extreme cold." Palmer v. Johnson, 193 F.3d 346, 353 (5th Cir. 1999) (internal quotation marks and citation omitted).

Taylor has failed to show that the district court abused its discretion in dismissing his claim of excessive heat exposure as frivolous. See Berry v. Brady, 192 F.3d 504, 507 (5th Cir. 1999); Woods v. Edwards, 51 F.3d 577, 581 (5th Cir. 1995). Nor has Taylor shown an abuse of discretion with respect to the dismissal of his claim regarding the water temperatures in the shower. He acknowledged at a Spears** hearing that prison officials were working to resolve that problem. We do not consider Taylor's argument, raised for the first time in this court, that he was forced to move into a cell that had human feces on the door and toilet. See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999). The district court's

---

** Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

dismissal of Taylor's claim regarding the deprivation of his medically necessary snacks was not an abuse of discretion; Taylor's allegations in the district court indicated that prison officials tried to get the snacks to Taylor. See Berry, 192 F.3d at 507. Finally, the district court did not err in dismissing Taylor's claim relating to the loss of his photographs on the basis that Taylor has an adequate state postdeprivation remedy. See Thompson v. Steele, 709 F.2d 381, 383 (5th Cir. 1983).

We turn now to Taylor's remaining allegations. Taking Taylor's allegations as true, he was arguably subjected to extreme cold without adequate protection and prison officials were indifferent to his health and safety in this regard. See Beck v. Lynaugh, 842 F.2d 759, 760-61 (5th Cir. 1988). The district court thus erred in dismissing this claim as frivolous. See Berry, 192 F.3d at 507. The district court's dismissal of Taylor's claim regarding exposure to extreme cold and wet conditions is vacated. This case is remanded for further proceedings on that issue. The district court should also address Taylor's claim regarding unsanitary shower conditions due to poor drainage. The judgment of the district court is, in all other respects, affirmed.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.